### State of Vermont v. Henry Gerard Pinard

[285 A.2d 774]

No. 91-71

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 7, 1971

*Kimberly B. Cheney,* State's Attorney, for the State.

*Daniel P. Monte,* Barre, for Defendant.

**Keyser, J.** The respondent pleaded not guilty in District Court, Unit No. 5, Washington Circuit, to a charge of driving under the influence. No test as provided by 23 V.S.A. § 1205 was taken by the respondent. As a consequence the district court held a summary hearing as provided by the statute.

The issue in this case is substantially similar to that in *State* v. *Mastaler,* 130 Vt. 44, 285 A.2d 776 (1971), decided at this term of Supreme Court. Counsel in this case waived argument and agreed to rely on the briefs filed in the *Mastaler* case, *supra.*

The trial court heard the case on an agreed statement of facts which follow:

> "2. Upon stopping the vehicle and talking to the respondant (sic), the officer believed that he had reasonable grounds that said respondant was operating a motor vehicle while under the influence of intoxicating liquor.
>
> 3. Said officer took the respondant to the Barre Police Station and read to him the so-called *Miranda* warning (Respondant's A) and a preprinted form concerned with the Implied Consent Law (State's 1).
>
> 4. While State's 1 had thereon listed the blood, urine, breath, and saliva test, the saliva test had been crossed out in ballpoint by said officer and no reference was made to said test when the officer read said document to the respondant.
>
> 5. When the officer read State's 1, he omitted reference to the other tests and stated to the respondant, 'I hereby request you to give a sample of your blood'.
>
> 6. The respondant refused to take the blood test.
>
> 7. The officer then arrested the respondant for *intoxication.*
>
> 8. At approximately 9:30 a.m. on the same day the respondant was arraigned at the Vermont District Court, Unit 5, Washington Circuit in Barre before the Honorable John P. Connarn on a State's Attorney's Information and Warrant for DWI and an Officer's Complaint for Intoxication."

The agreed statement of facts also states that: "the Court adopted the position that the officer who has a reasonable belief that one has been operating a motor vehile [*sic*] while under the influence of intixicating [*sic*] liquor has the right to select the type of test to be administered and a refusal by an operator to take that test will result in a loss of license for six (6) months."

The appeal is before us on questions certified by the lower court before final judgment. The questions raised are as follows:

"1. Does 23 V.S.A. §§ 1202 and 1205 empower the official who has reasonable grounds to believe that a person is operating a motor vehicle while under the influence of intoxicating liquor to select the type of test to be administered?

2. Does 23 V.S.A. §§ 1202 and 1205 require said official to offer the suspected offender a choice of blood, breath, urine or saliva test?

3. If the official has reasonable grounds and informs the suspected offender of only one (1) test, is this sufficient compliance with 12 [*sic*] V.S.A. § 1202 so that a refusal of said test results in the six (6) month forfeiture of license called for under 12 [*sic*] V.S.A. § 1205?"

■■ Our holding in *State* v. *Mastaler, supra,* is dispositive of the issues raised by these questions, the answers to which are specifically given as follows:

Question No. 1 is answered in the negative.

Questions Nos. 2 and 3 cannot be given a categorical yes or no answer. As we held in *Mastaler, supra,* the officer must inform the offender which of the tests prescribed by statute are reasonably available to him and, if the offender fails, or refuses, to take some one of such tests, he is then subject to the license suspension proceedings authorized by 23 V.S.A. § 1205.

Our answers to the certified questions establish that the basis of the decision of the lower court was error and, further that on the record presented suspension of the respondent's license to operate a motor vehicle is not warranted.

*Judgment that respondent's license is not subject to suspension under 23 V.S.A. § 1205, cause remanded.*