## 59041. ADAMS v. HARDISON.

Shulman, Judge.

Defendant appeals the revocation of his driver's license for refusing to submit to a blood-alcohol test, contending that at the time of his arrest he was not properly advised of his right to have an additional chemical test performed in accordance with Code Ann. § 68A-902.1. The language of the Code section mandates that we reverse the judgment of the trial court.

Code Ann. § 68A-902.1 (a) (4) reads in pertinent part as follows: "The arresting officer *at the time of arrest* shall advise the person arrested of his right to a chemical test or

tests . . ." (Emphasis supplied.)

There is no evidence in the case at bar to show that appellant was advised of his right at the time of his arrest. That being true, appellant's refusal to submit to a blood-alcohol test was justified and does not present grounds for the revocation of his license under the implied consent law. Code Ann. § 68B-306. See *Hulsey v. State,* 138 Ga. App. 221 (225 SE2d 752); *Garrett v. Dept. of Public Safety,* 237 Ga. 413 (2) (228 SE2d 812), which states on p. 415: " 'The arresting officer at the time of the arrest *shall* advise the person arrested of his rights . . .' (Emphasis supplied.) This cannot be interpreted to mean sometime in the future."

We are fully aware of the decisions embracing substantial compliance with certain notice requirements, but here the legislature and the Supreme Court have clearly spoken.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

ARGUED JANUARY 7, 1980 — DECIDED JANUARY 23, 1980.

*Robert P. Killian,* for appellant.

*Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Assistant Attorney General,* for appellee.