DENNIS P. CONNOLE *v.* BENJAMIN A. MUZIO, COMMISSIONER, DEPARTMENT OF MOTOR VEHICLES

SUPERIOR COURT     JUDICIAL DISTRICT     FILE NO. 36618
OF LITCHFIELD

Memorandum filed May 7, 1984

*White & Isaacson,* for the plaintiff.

*Richard T. Biggar,* assistant attorney general, for the defendant.

GAFFNEY, J. Before the court is the plaintiff's appeal of the decision of a hearing officer appointed pursuant to the provisions of § 14-4a of the General Statutes. The officer, following a hearing and by decision dated September 17, 1982, has upheld an order of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The suspension stems from the plaintiff's violation of the so-called implied consent statute at the time of his arrest for

operating a motor vehicle while under the influence of intoxicating liquor or drugs. General Statutes § 14-227a.[1]

Those parts of General Statutes § 14-227b which are applicable to the present controversy are as follows:

"(a) Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine and, if said person is a minor, his parent or parents or guardian shall also be deemed to have given his consent.

"(b) If any such person having been placed under arrest for operating a motor vehicle under the influence of intoxicating liquor or any drug or both, and thereafter, after being apprised of his constitutional rights, having been requested to submit to a blood, breath or urine test at his option and having been informed that his license or nonresident operating privilege will be suspended in accordance with the provisions of subsections (d) and (e) of this section if he refuses to submit to such test, refuses to submit to any of such tests, the test shall not be given.

\*     \*     \*

"(d) Upon receipt of such report of a first refusal, the commissioner of motor vehicles shall suspend any license or nonresident operating privilege of such person for a period of ninety days. Any person whose license or operating privilege has been suspended in accordance with this subsection shall automatically be entitled to an immediate hearing before the commissioner. The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle under the influence of intoxicating liquor or drug or both; (2) was such person placed under

---

[1] This statute was amended in 1982 and again in 1983. The most recent version is Public Acts 1983, No. 83-534, § 2.

arrest; (3) did such person refuse to submit to such test or analysis; and (4) was such person operating the motor vehicle. If, after such hearing, the commissioner finds on any one of the said issues in the negative, the commissioner shall reinstate such license or operating privilege."

The plaintiff, who was later acquitted by a jury of the motor vehicle charge, has raised what he alleges to be several constitutional and procedural defects which, he asserts, should sustain his appeal and nullify the suspension order. Without addressing itself to each of the sundry claims, the court is persuaded that one of the issues advanced is dispositive of the appeal.

The court agrees with the defendant that the scope of the administrative hearing was limited to those matters specifically set forth in subparagraph (d) of General Statutes § 14-227b. Among those matters which the hearing officer must find to have been proved by the defendant in order to substantiate his action is the following: "(3) [D]id such person refuse to submit to such test or analysis." The words "such test or analysis" clearly relate back to the blood, breath or urine analysis or test to which reference is made in both subparagraphs (a) and (b) of General Statutes § 14-227b. The latter subparagraph places upon the arresting officer the burden of requesting the arrestee to submit to a blood, breath or urine test "at his option."

The record is clear that the arresting officer informed the plaintiff that he could submit to a blood or urine test. The record is also clear, and the defendant concedes, that the plaintiff, whose choice it was at the time in question,[2] was not offered the option of a breath test.

---

[2] The most recent amendment of the statute (Public Acts 1983, No. 83-534, § 2 [b]) vests in the arresting officer, and not in the arrestee, the choice of test to be administered. In support of the arresting officer having such authority, see 88 A.L.R.2d 1055, 1072–74.

In point of fact, the hearing officer specifically found that the officer had no equipment with which to administer a breath test.

The fact that the plaintiff was offered and refused to take a blood or urine test does not support "a determination," which the hearing officer was required to make, that the plaintiff refused to submit to a breath test. The evidence viewed at the administrative hearing simply does not support such a finding.

Although the general rule is that there is no requirement the operator be given his choice of tests; 7A Am. Jur. 2d, Automobiles and Highway Traffic, § 305; the statute in question must be construed to carry out the legislature's intent which is to be ascertained from its own language. *Houston* v. *Warden,* 169 Conn. 247, 251, 363 A.2d 121 (1975). The language, which in the view of the court is clear and unambiguous, requires that the allegedly offending motorist be given his choice of three tests.

Among those jurisdictions which have considered similar arguments in matters of license suspension the position has been taken that the burden rests with the police agency to demonstrate that the arrested person was fully apprised of his statutory rights at the time of arrest. *Adams* v. *Hardison,* 153 Ga. App. 152, 264 S.E.2d 693 (1980); *State* v. *Carranza,* 24 Wash. App. 311, 600 P.2d 701 (1979); *State* v. *Stewart,* 37 Ohio Misc. 112, 310 N.E.2d 271 (1973). The purpose of such warnings is to enable the arrestee to exercise an intelligent and informed judgment. In other words, "[t]he intent of the requirement for informing the driver of his statutory rights and obligations is to provide the opportunity for the driver to knowingly and intelligently make his decision." *Schoultz* v. *Department of Motor Vehicles,* 89 Wash. 2d 664, 668, 574 P.2d 1167 (1978).

It is the court's conclusion that the plaintiff was not afforded the option of a breath test. In the absence of notice to him, as required by statute, that such test was a choice available to him, it can hardly be said that the plaintiff was in a position to make an intelligent and informed judgment. Under the circumstances the plaintiff's refusal to submit to a blood or urine test does not present grounds for the suspension of his operator's license under the implied consent statute. See *Adams* v. *Hardison,* supra.

The order of the defendant suspending the plaintiff's motor vehicle operator's license is reversed, and judgment may enter for the plaintiff on his appeal.