## 71431. THE STATE v. BUICE.
### (338 SE2d 293)

BANKE, Chief Judge.

The state appeals the grant of the defendant's motion to suppress the results of an intoximeter test as evidence in his prosecution for driving under the influence.

The defendant was stopped by Sergeant Link of the DeKalb County Police Department, who had observed his vehicle weaving across the road. Within a very short period of time, perhaps less than a minute, Officer Watson, also of the DeKalb County Police Department, arrived on the scene and, very shortly thereafter, informed the defendant of his "implied consent" rights pursuant to OCGA § 40-6-392 (a) (3). The trial court granted the defendant's motion on the ground that "the arresting officer," Sergeant Link, did not himself provide the statutory advice. *Held*:

OCGA § 40-6-392 (a) (4) provides, in pertinent part, that "*[t]he arresting officer* at the time of arrest shall advise the person arrested of his rights to a chemical test or tests according to this Code section . . ." (Emphasis supplied.) This language has been the subject of judicial construction on a number of occasions, although in each such case the focus has been on *when* the advice is required to be given rather than by whom. See, e.g., *Perano v. State*, 250 Ga. 704 (300 SE2d 668) (1983); *Garrett v. Dept. of Public Safety*, 237 Ga. 413 (228 SE2d 812) (1976); *Adams v. Hardison*, 153 Ga. App. 152 (264 SE2d

693) (1980). In *Perano*, supra at p. 708, the Supreme Court concluded that "[u]nder ordinary circumstances, where this advice is not given at the time of arrest, or at a time as close in proximity to the instant of arrest as the circumstances of the individual case might warrant, the results of the state-administered test will not be admissible at trial to show that the accused was driving under the influence of alcohol or drugs."

In the present case, it is undisputed that the advice was both adequate in content and timely given. The defendant does not suggest, nor can we imagine, any detriment he may have suffered as a result of the fact that it was Officer Watson, rather than Sergeant Link, who advised him of his rights. Accordingly, we find no basis for excluding the results of the intoximeter test in this case, and we reverse the grant of the defendant's motion to suppress.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 14, 1985.

*Ralph T. Bowden, Jr., Solicitor, Linda S. Finley, Assistant Solicitor*, for appellant.

*Robert K. Broome, Larry J. Steele*, for appellee.