**Norfolk**

CHRISTOPHER DRIVER, II

v.

COMMONWEALTH OF VIRGINIA

No. 0245-86-1

Decided August 16, 1988

584

COUNSEL

Gerald G. Poindexter (Poindexter & Poindexter, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General and W. Mark Dunn, Assistant Attorney General, on brief), for appellee.

OPINION

**BARROW, J.** — This is an appeal of a conviction of unreasonably refusing to take a blood or breath test as required by Code § 18.2-268. Because the record does not reflect why a blood test was unavailable, we reverse and dismiss the defendant's conviction.

The defendant was found by a Smithfield police officer in the early morning at the location of a single vehicle accident. He charged the defendant at the scene with driving under the influence and reckless driving. The driving under the influence charge was dismissed by the general district court, and the circuit court found him not guilty of reckless driving.

Approximately one hour after his arrest, the defendant was taken to the police station where he was advised of Code § 18.2-268, Virginia's "implied consent law." He requested a blood test. The arresting officer testified that at that point he "called up front

to the dispatcher to contact the two individuals that we have in the County that are certified to take blood." The dispatcher called back "and said neither of the individuals was available." The police officer further testified that the magistrate then arrived and was told "that the blood test was unavailable; that the breath test was." The defendant testified to substantially the same sequence of events but added that he offered to pay for a blood test at a local hospital.

The magistrate informed the defendant of the implied consent law several more times but the defendant continued to refuse to take a breath test. He also refused to sign a "Declaration of Refusal" form prepared by the magistrate. The defendant was then charged with unreasonable refusal to submit to a blood or breath test. The trial court found the defendant guilty of that offense and suspended his license for ninety days.

A person charged with driving under the influence is required to elect to submit to either a blood or breath test, but not both. Code § 18.2-268(b). If either test is unavailable, he must take the available test, and the unavailability of the other test may not be asserted as a defense. *Id.* Only if both are available, is the defendant entitled to choose the test to be administered. The offense of which the defendant was convicted, however, requires a finding that his refusal to submit to testing was "unreasonable." We hold that when the evidence establishes that one of the tests was unavailable, a defendant cannot be convicted of "unreasonably" refusing to submit to testing without an adequate explanation from the government as to why one of the tests was unavailable. A defendant should not be found guilty of unreasonably refusing to submit to the one option available if the government's action in failing to make the other statutorily contemplated test available is itself unreasonable; thus, when one of the tests is unavailable, the record must contain evidence disclosing the reasons for its unavailability. While, in this case, we need not decide under what circumstances the failure of the government to make both tests available would constitute a defense, we note that Code § 18.2-268 contemplates the existence of both a blood and breath test. *Cf. Lowe v. Commonwealth*, 230 Va. 346, 350, 337 S.E.2d 273, 275-76 (1985), *cert. denied*, 475 U.S. 1084 (1986). Without an explanation of why a blood test was unavailable, there is a danger that one of the tests may be withheld arbitrarily and without ade-

quate cause and that government officials may capriciously deprive a driver of the choice provided by Code § 18.2-268.

This issue has not been previously addressed in Virginia; however, the Supreme Court has applied the same principle in a similar context. In *Rowland v. City of Richmond*, 205 Va. 187, 135 S.E.2d 799 (1964), a doctor refused to extract the defendant's blood for a blood test. A police officer testified that the doctor refused because the defendant's "signature on the hospital's 'permission' form was illegible." The doctor was not called as a witness and the police officer did not testify as to any other reason why the doctor refused to administer the blood test. Reversing and dismissing the conviction, the Supreme Court noted that the city's explanation that the defendant was not lucid enough to give his consent was "conjectural and too speculative." *Id.* at 190, 135 S.E.2d at 801. The Court held that the former implied consent law, Code § 18.1-55, provided that the defendant should have been taken to another qualified person to withdraw a blood sample. *Id.* at 191, 135 S.E.2d at 801.

Though the implied consent law has been substantially revised and amended since *Rowland*, it is significant that in *Rowland* the Supreme Court would not speculate as to why the doctor refused to administer the blood test. We likewise will not speculate as to why the two people certified to administer the test to the defendant refused or could not do so. Without such explanation, the record is inadequate to support a finding that the defendant unreasonably refused to take the one available test.

All other states and the District of Columbia have implied consent laws similar to Virginia's.[1] Such statutes not only combat

---

[1] Ala. Code § 32-5-192 (1975); Alaska Stat. § 28.35.031 (1987); Ariz. Rev. Stat. Ann. § 28-691 (1988); Ark. Stat. Ann. § 5-65-202 (1987); 1987 Cal. Stat. § 13353(2)(a); Colo. Rev. Stat. § 42-4-1202 (1984); Conn. Gen. Stat. Ann. § 14-227(b) (West 1987); Del. Code Ann. 21 § 2740 (1974); D.C. Code Ann. § 40-502 (1981); Fla. Stat. Ann. § 316.1932 (West Supp. 1988); Ga. Code Ann. § 40-5-55 (1987); Haw. Rev. Stat. 17 § 286-151 (Supp. 1987); Idaho Code § 18-8002 (1980); Ill. Rev. Stat. ch. 11, para. 501.1 (Supp. 1987); Ind. Code Ann. § 9-11-4-1 (Burns 1987); Iowa Code Ann. § 321J.6 (1985); Kan. Stat. Ann. § 8-1001 (1987 Supp.); Ky. Rev. Stat. Ann. § 186.565 (Baldwin Supp. 1986); La. Rev. Stat. Ann. § 32:661 (West Supp. 1988); Me. Rev. Stat. Ann. 29 § 1312 (1987); Md. Transp. Code Ann. § 16-205.1 (1987); Mass. Gen. Laws Ann. 90 § 24(f) (West 1988 Supp.); Mich. Comp. Laws Ann. § 9.2325(1) (West 1981); Minn. Stat. Ann. § 169.123(2) (West 1986); Miss. Code Ann. § 63-11-5 (1972); Mo. Rev. Stat. § 577.020 (1987 Supp.); Mont. Code Ann. § 61-8-402 (1987); Neb. Rev. Stat. § 39-669.08 (1987

drunk driving on our nation's highways, but also protect the driver who has been stopped from wrongly being accused of driving while intoxicated. *See Breithaupt v. Abram*, 352 U.S. 432, 436-37 nn.2-3; *Lee v. State*, 187 Kan. 566, ____, 358 P.2d 765, 769 (1961). The states have taken a variety of approaches in codifying implied consent laws and the courts have likewise taken differing views in enforcing them. Some courts have held that use of the disjunctive "or" in the list of tests for intoxication in the statute entitles the driver to a choice of all of the enumerated tests. *Bean v. State Dept. of Public Safety*, 12 Utah 2d 76, 362 P.2d 750 (1961); *Ringwood v. State*, 8 Utah 2d 287, 333 P.2d 943 (1959). Some state courts have held that a driver must submit to an alternative test upon a showing that another is not available, *Gunderson v. Commissioner of Public Safety*, 351 N.W.2d 6 (Minn. 1984), or that the police should at least be encouraged to offer the enumerated tests when both are available. *State v. Boland*, 299 Minn. 198, 217 N.W.2d 491 (1974); *State Dept. of Pub. Safety v. Wangensteen*, 300 Minn. 499, 221 N.W.2d 567 (1974). Still other state courts have held that an officer must inform the defendant of all tests reasonably available to him. *Connole v. Muzio*, 39 Conn. Supp. 285, 478 A.2d 274 (1984); *State v. Pinard*, 130 Vt. 41, 285 A.2d 774 (1971). Thus, many states with implied consent statutes similar to Virginia's have recognized the *driver's* right to choose, or at least to be reasonably informed. Other state courts, however, have held that there is no requirement under an implied consent statute that a driver be given his choice of all of the enumerated tests. *See Stensland v. Smith*, 79 S.D. 651, 116 N.W.2d 653 (1962); *Gottschalk v. Sueppel*, 258 Iowa 1173, 140 N.W.2d 866 (1966); *Lee v. State*, 187 Kan. 566, 358 P.2d 765 (1961). A common rationale is that some localities do not have the facilities to administer all of the tests. *See Lee*, 187 Kan. 566, 358 P.2d 765 (1961). Although some localities may not have the physical re-

---

Supp.); Nev. Rev. Stat. § 484.382 (1986); N.H. Rev. Stat. Ann. § 265.84 (1987 Supp.); N.J. Stat. Ann. § 39:4-50.2 (1988 Supp.); N.M. Stat. Ann. § 66-8-107 (1978); N.Y. Veh. & Traf. Law § 1194 (1986); N.C. Gen. Stat. § 20-16.2 (1983); N.D. Cent. Code § 39-20-01 (1987); Ohio Rev. Code Ann. § 4511.19.1 (1984); Okla. Stat. tit. 47, § 751 (1988); Or. Rev. Stat. § 813.100 (1987); Pa. Stat. Ann. 75 § 1547 (Purdon 1977); R.I. Gen. Laws §·31-27-2.1 (1987 Supp.); S.C. Code Ann. § 56-5-2950 (Law. Co-op 1977); S.D. Codified Laws Ann. § 32-23-10 (1988 Supp.); Tenn. Code Ann § 55-10-406 (1987 Supp.); Tex. Rev. Civ. Stat. Ann. art. 6701l-5 (Vernon 1977); Utah Code Ann. § 41-6-44.10 (1982); Vt. Stat. Ann. 23, § 1202 (1987); Wa. Rev. Code § 20-308 (1987); W. Va. Code § 17C-5-4 (1987); Wis. Stat. Ann. § 343.305 (1987 Supp.); Wyo. Stat. § 31-6-102 (1987 Supp.).

sources to administer both tests, the record does not reflect, and it is not asserted, that this locality lacked those resources. Therefore, we need not address whether financial exigencies constitute a valid reason for the lack of availability of both tests. We merely hold that when one of the tests is unavailable, the record must explain why it is unavailable. No such explanation exists in this record.

In this case the defendant agreed to take a blood test.[2] Since no reason is given in the record for why the two people certified to take blood were not available, there is insufficient evidence to establish that the blood test was not available to the defendant and thus, that his refusal to take the breath test was unreasonable. The burden of proof is always upon the Commonwealth, and this burden never shifts, though the burden of going forward with the evidence may shift from time to time during the trial as exigencies may require. *Hodge v. Commonwealth*, 217 Va. 338, 342, 228 S.E.2d 692, 695 (1976). If the Commonwealth or locality deprives a defendant of the choice of tests provided by the statute, it has the burden of explaining why.

For the above reasons, we conclude that the judgment of the trial court must be reversed and the warrant dismissed.

*Reversed and dismissed.*

Baker, J., and Hodges, J., concurred.

---

[2] Since the defendant in this case did request a blood test and indicated a willingness to submit to such a test, we need not decide whether a refusal to submit to testing of any kind would be unreasonable even though the record discloses that one of the tests was unavailable in fact and the reasons for the unavailability are not part of the record.