## Richmond

CARROLL ALLEN MASON

v.

COMMONWEALTH OF VIRGINIA

No. 1984-91-2

Decided January 12, 1993

COUNSEL

Cary B. Bowen (Bowen & Bowen, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—Carroll Allen Mason was convicted of driving while under the influence of alcohol, in violation of Code § 18.2-266. Mason contends that the conviction must be reversed because he was denied his right to take a blood test to determine the alcohol content of his blood. We affirm the conviction.

At 12:01 a.m. on April 14, 1990, Mason was operating an automobile traveling westbound on Route 60 in Powhatan County. A state police officer observed Mason's automobile weave in and out of its lane and run off the road at one point. The officer stopped the automobile and detected "a strong odor about [Mason's] person." After Mason stated that he had had a "couple of beers," the officer asked him to perform a field sobriety test. Mason began the test but then said, "I can't do any of these tests." The officer advised Mason of the implied consent law, Code § 18.2-268, but informed him that, because of the late hour, a blood test was not available in Powhatan County. The officer transported Mason to the Area 6 office of the state police where Mason took a breath test. The breath alcohol analysis registered .16. Mason twice requested a blood test while he was at the Area 6 office.

At trial, Mason moved to suppress the results of the breathalizer test on the ground that he was denied his right to take the blood test to determine the alcohol content of his blood. The trial judge ruled that determining whether or not Mason was denied the right of election provided in Code § 18.2-268(C) involved a question of reasonableness. Holding that it was unreasonable to expect Powhatan County to have a person on call twenty-four hours a day to administer blood tests when a breathalizer test was readily available, the trial judge denied Mason's motion to suppress the results of the breathalizer test and admitted the results into evidence.

■ Any person . . . who operates a motor vehicle upon a public highway in this Commonwealth shall be deemed thereby, as a condition of such operation, to have consented to have samples of his [or her] blood or breath or both blood and breath taken for a chemical test to determine the alcoholic or drug or both alcoholic and drug content of his [or her] blood, if such person is arrested for violation of [Code] § 18.2-266 . . . within two hours of the alleged offense.

Code § 18.2-268(B). The statute further states in pertinent part:

Any person so arrested . . . shall elect to have either the blood or breath sample taken, but not both. If either the blood test or the breath test is not available, then the available test shall be taken.

Code § 18.2-268(C).

■ Code § 18.2-268 contemplates the existence of both a blood and breath test. *Driver v. Commonwealth*, 6 Va. App. 583, 585, 371 S.E.2d 27, 28 (1988). If one of the tests is unavailable the government must provide a reasonable explanation for its unavailability. *Id.* Once a driver elects to take either the blood test or the breath test, if the election is not honored because of unavailability, the Commonwealth must establish a "valid reason for the lack of availability of a test." *Breeden v. Commonwealth*, 15 Va. App. 148, 151, 421 S.E.2d 674, 676 (1992).

The officer testified that no one was available in Powhatan County at night to administer a blood test. He testified, however, that a doctor is generally available in Powhatan County during day-time hours to give blood tests. Mason contends that the existence of a hospital in a neighboring jurisdiction that could administer a blood test precluded the Commonwealth from proving unavailability of a blood test.

The officer testified, however, that he was the only state officer on duty in Powhatan County that evening and had orders not to leave Powhatan County. The officer further testified that under ideal conditions, leaving Powhatan County and travelling to the hospital in the adjoining county to have a blood test administered would have taken him at least one hour. On other occasions when he went to the hospital it took a considerable amount of time, as much as an entire afternoon, to have the procedure done. We hold that, under the circumstances of this case, where the evidence proved that the officer was the only state police officer in Powhatan County that night and was under orders not

to leave the jurisdiction of Powhatan County, the trial court did not err in finding that the Commonwealth established a reasonable basis for the unavailability of the blood test.

*Affirmed.*

Elder, J., and Willis, J., concurred.