## Richmond

ELIZABETH ANN TALLEY

v.

COMMONWEALTH OF VIRGINIA

No. 2182-91-2

Decided June 8, 1993

COUNSEL

Richard O. Gates, for appellant.

Robert H. Anderson, III, Assistant Attorney General (Mary Sue Terry, Attorney General; Oliver L. Norrell, III, Assistant Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Elizabeth Ann Talley appeals from her conviction for driving under the influence in violation of Code § 18.2-266. On appeal, she argues that the trial court erred in holding that the blood test she requested was unavailable within the meaning of Code § 18.2-268. For the reasons set forth below, we affirm appellant's conviction.

## I.

At 12:49 a.m. on June 6, 1991, Deputy Mootz of the Powhatan County Sheriff's Department observed appellant's vehicle alternately straddling the center line, weaving, and varying its speed. Mootz stopped appellant and administered a series of field sobriety tests that led him to believe she was under the influence of alcohol. He then informed her of Virginia's implied consent law and placed her under arrest at 12:59 a.m. Mootz testified that, although he advised appellant that ordinarily she could elect between a blood and breath test, a breath test was administered because he believed the blood test to be unavailable. Although he knew that Johnston-Willis Hospital — the facility upon which the department routinely relied for blood tests at night — was open, he testified that the only other field deputy on duty was scheduled to go off duty at 1:00 a.m. He also testified that the Department's policy was that a blood test is "unavailable" when only one field officer is on duty to cover the county. On that basis, Mootz concluded that the blood test was unavailable. The evidence also showed, however, that Deputy Lane, the field deputy scheduled to go

off-duty at 1:00 a.m., was the officer who actually administered the breath test at 1:42 a.m.

At trial, appellant moved for dismissal of the charge or, alternatively, for exclusion of the results of the breath test on the ground that the blood test had been available within the meaning of Code § 18.2-268 and that she would have chosen it had it been presented as an option because she believed it more reliable. The trial court denied her motion.

## II.

Code § 18.2-268(C) provides that a motorist arrested for driving under the influence of alcohol has a statutory right to choose between a blood and breath test if required to take such a test pursuant to the implied consent law of subsection (B). "If either the blood test or the breath test is not available, then the available test shall be taken." Code § 18.2-268(C). Once the driver has elected which test he prefers to take, "[he] has a right to receive the benefits of [that] test." *Breeden v. Commonwealth*, 15 Va. App. 148, 150, 421 S.E.2d 674, 675 (1992). "Failure to provide the requested test . . . deprives the accused of a significant method of establishing his innocence." *Id.* at 150, 421 S.E.2d at 676 (citing *Driver v. Commonwealth*, 6 Va. App. 583, 587, 371 S.E.2d 27, 30 (1988)). If the Commonwealth contends that the driver's test of choice was "not available" within the meaning of subsection (C), it bears the burden of showing that this unavailability is reasonable. *Id.* at 150, 421 S.E.2d at 675-76. As we stated in *Driver*, "[w]ithout an explanation of why a blood test was unavailable, there is a danger that one of the tests may be withheld arbitrarily and without adequate cause and that government officials may capriciously deprive a driver of the choice provided by Code § 18.2-268." 6 Va. App. at 585-86, 371 S.E.2d at 28. Finally, if the unavailability of the test is found to be unreasonable, "[m]ere suppression of the result of the test *not* requested . . . does not cure the deprivation." *Breeden*, 15 Va. App. at 150, 421 S.E.2d at 676. The only appropriate remedy is reversal of the conviction and dismissal of the charges. *Id.*

Although we did not conduct the aforementioned reasonableness inquiry in *Breeden*, *id.* at 150, 421 S.E.2d at 676, we had such an opportunity in *Mason v. Commonwealth*, 15 Va. App. 583, 425 S.E.2d 544 (1993), involving a state trooper also patrolling Powhatan County. The motorist in that case conceded that the blood test was reasonably

unavailable in Powhatan County at the time he was stopped, but argued that the arresting officer could have taken him to a hospital in a neighboring jurisdiction for administration of the test. We held that "where the evidence proved that the officer was the only state police officer in Powhatan County that night and was under orders not to leave the jurisdiction . . . , the trial court did not err in finding that the Commonwealth established a reasonable basis for the unavailability of the blood test." *Id.* at 585-86, 425 S.E.2d at 545-46.

We conclude that our holding in *Mason* governs the outcome of this case. Here, the Powhatan County Sheriff's Department had a policy whereby after-hours blood tests could be obtained at Johnston-Willis Hospital in nearby Chesterfield County as long as more than one field officer was on duty to cover the county. The evidence presented at trial showed that Deputy Mootz arrested appellant at 12:59 a.m., one minute before the only other field officer on duty, Deputy Lane, was scheduled to end his shift. Appellant concedes that Powhatan's policy is reasonable on its face, but argues that Mootz could have asked Lane to remain on duty long enough to see that appellant received a blood test, as evidenced by the fact that Lane was still on duty at 1:42 a.m. to administer the breath test. We do not believe, however, that the statute requires such a case-by-case approach in applying the reasonableness standard. Under *Driver*, 6 Va. App. at 585-86, 371 S.E.2d at 28, the policy in this case was neither arbitrary nor capricious; facially or as applied, the policy was reasonable in order to ensure that one field deputy was available within the county at all times. Obviously, Mootz could not have taken appellant to Johnston-Willis before the scheduled end of Lane's shift. No additional analysis is necessary for us to conclude that the Commonwealth satisfied its burden of proving that a blood test was reasonably unavailable at the time of appellant's arrest. That Lane remained on duty long enough to administer appellant's breath test is simply not relevant to our inquiry into the reasonableness of the policy itself.

Because we conclude the trial court did not err in holding that a blood test was reasonably unavailable at the time of appellant's arrest, we affirm her conviction for driving under the influence.

*Affirmed.*

Cole, J.,* concurred.

Benton, J., dissenting.

The decision in *Mason v. Commonwealth*, 15 Va. App. 583, 425 S.E.2d 544 (1993), did not establish a bright line rule for determining whether a blood test was reasonably unavailable. We stated:

> Code § 18.2-268 contemplates the existence of both a blood and breath test. If one of the tests is unavailable the government must provide a reasonable explanation for its unavailability. Once a driver elects to take either the blood test or the breath test, if the election is not honored because of unavailability, the Commonwealth must establish a "valid reason for the lack of availability of a test."

*Id.* at 585, 425 S.E.2d at 545 (citation omitted). Obviously, as in *Mason*, the decision must rest upon the facts of each case.

The evidence in this case did not prove that the blood test was unavailable. The Powhatan County Sheriff's Department had available to it at Johnston-Willis Hospital facilities for administering blood tests at any hour. When Elizabeth Ann Talley was arrested by Deputy Mootz and taken to the Sheriff's Department, Deputy Lane was there and remained with Talley for approximately forty minutes before he administered the test. The record contains no reasonable explanation for the failure of Deputy Lane or Deputy Mootz to advise Talley that she had the right to a blood test and, if she had chosen it, to take Talley to the nearby hospital.

The rationale for failing to offer the blood test was unreasonable, arbitrary, and capricious. Deputy Mootz, who made the arrest, testified that the "basic policy is, if we're the only unit working that night, the blood test is not available." When Deputy Mootz stopped Talley, he was not the only deputy working. Deputy Lane was on duty. Moreover, when Deputy Mootz took Talley to the Sheriff's Department, Deputy Lane was present. Indeed, it was Deputy Lane who explained the breath test to Talley, observed her for at least twenty minutes as required by the test protocol, and administered the test to her one hour after she was stopped. That Deputy Lane remained and administered the breath test manifestly demonstrates that the policy did not apply in these circumstances, that the blood test was available to Talley, and that the failure to offer Talley the blood test was unreasonable.

I dissent.

---

* Retired Judge Marvin F. Cole took part in the consideration in this case by designation pursuant to Code § 17-116.01.