Alexandria

## MARY E. SULLIVAN

v.

## COMMONWEALTH OF VIRGINIA

No. 1640-92-4

Decided November 23, 1993

COUNSEL

Corinne J. Magee, for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

ELDER, J.—Mary E. Sullivan appeals from her conviction for driving under the influence of alcohol, her second offense in five years. On appeal, she argues that the trial court erred in finding that the Commonwealth complied with the implied consent law and in denying her motion to suppress the results of her breath test. Contrary to the trial court's conclusion, she asserts that the facts clearly showed that a blood test was available at another location but that she was incorrectly informed that it was unavailable and, therefore, was not given the opportunity to elect which test she preferred as required by the statute. For the reasons set forth below, we reverse appellant's conviction and dismiss the warrant.

Appellant was stopped on December 17, 1991, in Fairfax County for running a stop sign. After determining that appellant had been drinking, Officer Elam arrested her and took her to the Fairfax Adult Detention Center. While Elam was advising appellant of the implied consent law, Officer Lopez interrupted him to say that only the breath test was available. Officer Elam then said, "As the officer stated, the only thing we have available here is breath." Appellant agreed to take the breath test and never requested a blood test. It was undisputed that Officer Lopez was not qualified to draw blood, but it was also undisputed that a blood test was available twenty-four hours a day at Commonwealth Access, a hospital "right down the street here" from the Detention Center. The evidence established that Commonwealth Access was used regularly by the police for the drawing of blood. Appellant testified that she would have requested a blood test had she known it was available, because her attorney had advised her that its results were usually more accurate. She never made such a request,

however, for "[i]t didn't occur to [her] to question the Officer's statement when he told [her] that it was not available."

▮▮▮ Code § 18.2-268(C) provides that a motorist arrested for driving under the influence of alcohol has a statutory right to choose between a blood and breath test if required to take such a test pursuant to the implied consent law of subsection (B). "If either the blood test or the breath test is not available, then the available test shall be taken." Code § 18.2-268(C). Once the driver has elected which test he prefers to take, "[he] has a right to receive the benefits of [that] test." *Breeden v. Commonwealth,* 15 Va. App. 148, 150, 421 S.E.2d 674, 675 (1992). "Failure to provide the requested test . . . deprives the accused of a significant method of establishing. his innocence." *Id.* at 150, 421 S.E.2d at 676 (citing *Driver v. Commonwealth,* 6 Va. App. 583, 587, 371 S.E.2d 27, 30 (1988)). If the Commonwealth contends that the driver's test of choice was "not available" within the meaning of subsection (C), it bears the burden of showing that this unavailability is reasonable. *Id.* at 150, 421 S.E.2d at 675-76. As we stated in *Driver v. Commonwealth,* "[w]ithout an explanation of why a blood test was unavailable, there is a danger that one of the tests may be withheld arbitrarily and without adequate cause and that government officials may capriciously deprive a driver of the choice provided by Code § 18.2-268." 6 Va. App. at 585-86, 371 S.E.2d at 28. Finally, if the unavailability of the test is found to be unreasonable, "[m]ere suppression of the result of the test *not* requested . . . does not cure the deprivation." *Breeden,* 15 Va. App. at 150, 421 S.E.2d at 676. The only appropriate remedy is reversal of the conviction and dismissal of the charges. *Id.*

On the facts of this case, we hold that a blood test was available within the meaning of the statute. The uncontradicted evidence established that appellant could have received a blood test at Community Access Hospital located several blocks from the Detention Center. In addition, the Commonwealth failed to assert any ground which would reasonably have prevented the arresting officer from transporting appellant to the hospital for the test. *See Talley v. Commonwealth,* 16 Va. App. 473, 475-76, 431 S.E.2d 65, 67-68 (1993) (holding reasonable office policy that blood test was unavailable when only one field officer was on duty to cover the county); *Mason v. Commonwealth,* 15 Va. App. 583, 585-86, 425 S.E.2d 544, 545-46 (1993) (holding that blood test was reasonably unavailable where closest facility was outside the county and the arresting officer was under orders not to leave the county because he was the only officer on duty in that jurisdiction).

The Commonwealth asserts that this conclusion is irrelevant because appellant consented to a breath test. We hold, however, that a defendant has no affirmative duty to demand a blood test in order to be entitled to one under the statute. Rather, the burden rests on the Commonwealth to instruct a defendant as to her or his options under the implied consent law. If the defendant "consents" to one test or the other without being fully informed of her or his options under the statute, the defendant has not truly "elected" one test over the other as required by the law. If a court later determines that the disputed test was available within the meaning of Code § 18.2-268, the Commonwealth's failure to offer this test constitutes a violation of the implied consent law. We hold that a blood test was available under the facts of this case within the meaning of the statute and that appellant was not given the chance to elect as required by both the statute and our case law. *See Snead v. Commonwealth,* 17 Va. App. 372, 437 S.E.2d 239 (1993). Accordingly, as required under *Breeden,* we reverse appellant's conviction and dismiss the warrant.

*Reversed and dismissed.*

Fitzpatrick, J., and Duff, S.J.,* concurred.

---

*Judge Charles H. Duff was appointed Senior Judge effective July 1, 1993. pursuant to Code § 17-116.01:1.