## Richmond

## STEVEN CARROLL SNEAD

v.

## COMMONWEALTH OF VIRGINIA

No. 1953-92-2

Decided November 23, 1993

COUNSEL

Barry W. Norwood, for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Steven Carroll Snead appeals his conviction of driving while under the influence (DUI) in violation of Code § 18.2-266. He contends that (1) he was not provided a blood test after his arrest and the Commonwealth failed to prove that the blood test was unavailable, and (2) the trial judge erred by retroactively applying amended Code § 18.2-271(A) which, after the offense date, increased the mandatory period of suspension of driving privileges for a DUI conviction from six months to twelve months. We hold that the Commonwealth failed to prove that a blood test was unavailable to Snead on the date of his arrest. Thus, we reverse Snead's conviction of DUI and dismiss the charge. Accordingly, we do not decide whether the trial judge erroneously applied amended Code § 18.2-271(A).

On June 11, 1992, at approximately 1:30 a.m., Virginia State Trooper J.J. Cox stopped Snead on U.S. Route 360 in Hanover County for driving while under the influence. After Snead failed three field sobriety tests, Cox arrested him for DUI in violation of Code § 18.2-266. Cox advised Snead of Virginia's implied consent law; however, Cox explained to Snead that a blood test was unavailable to him because no hospital or facility existed in Hanover County where a blood sample could be drawn for analysis and testing. Cox transported Snead to the State Police facility in Hanover County, where Snead submitted to a breath test.

At trial, Trooper Cox testified that he is assigned to patrol Interstate 295, which includes both Henrico and Hanover Counties. Cox testified that, as a matter of policy, state troopers are told that no facility is available in Hanover County to take blood samples in DUI cases.

Lieutenant William S. Chenault of the Hanover County Sheriff's Department testified that the sheriff's department ascertains on a regular basis what twenty-four hour public facilities are available in Hanover County to draw blood samples for DUI cases. He testified that at the time of Snead's arrest, no such facility existed in Hanover

County. He acknowledged that he had not contacted private facilities or individual doctors or registered nurses to inquire whether any of them were or would be available at any time in Hanover County to draw blood samples in DUI cases.

The trial judge found Snead guilty of DUI and sentenced him to sixty days in jail. The judge suspended the jail sentence for twelve months, conditioned on Snead's good behavior. The judge also suspended Snead's operator's license for twelve months according to amended Code § 18.2-271(A). The amendment to Code § 18.2-271(A), providing for a twelve month, rather than a six month, license suspension, became effective July 1, 1992, after Snead's arrest.

We reject the Commonwealth's argument that because Snead did not request a blood test, the Commonwealth is not required to prove the unavailability of the test. At the time that Trooper Cox advised Snead of the implied consent law, he informed Snead that a blood test was not available to him. We hold that an accused is not required to request a blood test in order to preserve rights under Code § 18.2-268, after the accused has been told that no blood test is available.

 A person charged with driving under the influence is required to elect to submit to either a blood or breath test, but not both. Code § 18.2-268(C). If either test is unavailable, the accused must take the available test, and the unavailability of the other test may not be asserted as a defense. *Id.* Only if both tests are available is the accused entitled to choose the test to be administered. Once an accused elects to take either the blood or the breath test, if the election is not honored because of unavailability, the Commonwealth must establish a valid reason for the lack of availability of the test requested. *Mason v. Commonwealth,* 15 Va. App. 583, 585, 425 S.E.2d 544, 545 (1993); *Breeden v. Commonwealth,* 15 Va. App. 148, 150, 421 S.E.2d 674, 675-76 (1992); *Driver v. Commonwealth,* 6 Va. App. 583, 585, 371 S.E.2d 27, 28 (1988). Failure to prove unavailability "deprives the accused of a significant method of establishing his innocence," and the charges against the accused must, therefore, be dismissed. *Breeden,* 15 Va. App. at 150, 421 S.E.2d at 676 (citing *Driver,* 6 Va. App. at 587, 371 S.E.2d at 30).

The Commonwealth failed to prove that a means for taking a blood sample from Snead was unavailable on the date of Snead's arrest in Hanover County. The Commonwealth's evidence proved only that, as a matter of police department policy, no public facility for taking a

blood sample is available on a twenty-four hour basis in Hanover County. The sheriff's department's failure to locate a public facility in Hanover County that is open twenty-four hours a day for the purpose of taking blood samples does not establish that no private facility, individual medical care professional, or other health care provider authorized by Code § 18.2-268.5 to take blood samples was available for persons stopped in Hanover County. It may well be that private doctors or registered nurses or approved laboratory technicians would be available, either on a full-time or periodic basis, to perform the service of drawing blood samples in DUI cases. By ascertaining that no twenty-four hour public facility exists in Hanover County where blood samples can be drawn, Hanover County seeks to effectively declare as a policy matter that blood tests are unavailable to persons charged with DUI in that jurisdiction. The record fails to demonstrate that at the time of Snead's arrest, the courts or any law enforcement agency in Hanover County had attempted to locate an authorized health care provider or a private medical facility that could take a blood sample from a person arrested for driving while intoxicated for purposes of blood/alcohol analysis. Trooper Cox did not attempt to locate an authorized health care provider or private medical facility that could have taken a blood sample from Snead for purposes of analysis. *See Sullivan v. Commonwealth,* 17 Va. App. 376, 379, 437 S.E.2d 242, 243 (1993); *Breeden,* 15 Va. App. at 151, 421 S.E.2d at 676. Accordingly, the Commonwealth failed to prove that a blood test was unavailable to Snead after his arrest.

For the foregoing reasons, we reverse the judgment of the trial court and dismiss the charges against Snead.

*Reversed and dismissed.*

Barrow, J., and Benton, J., concurred.