COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Fitzpatrick and
          Senior Judge Hodges
Argued at Alexandria, Virginia

BARIE TYRONE POLHAMUS

v.      Record No. 1703-94-4            MEMORANDUM OPINION[*] BY
                                        JUDGE WILLIAM H. HODGES
COMMONWEALTH OF VIRGINIA                   OCTOBER 31, 1995


            FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
                  William Shore Robertson, Judge

            Roger A. Inger (Massie, Inger, Boyd & Iden,
            P.C., on brief), for appellant.

            Robert B. Beasley, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


      Barie Tyrone Polhamus (appellant) was convicted of driving

under the influence of alcohol, second offense in ten years.  On

appeal, appellant contends that the Commonwealth failed to prove

that a blood test, to measure his blood alcohol content, was

reasonably unavailable at the time of his arrest.  We disagree

and affirm the judgment of the trial court.

                                I.

      At 5:35 p.m., on Sunday, January 30, 1994, in Rappahannock

County, Virginia State Trooper Sean Knick stopped appellant for

speeding.  As a result of the stop, Knick charged appellant with

driving under the influence of alcohol.  Knick advised appellant

of the implied consent law, but told him that in Rappahannock

      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

County, no blood test was available. A breath test subsequently was administered to appellant, who voiced no objection to that test. The test showed a blood alcohol content of .15 percent by weight by volume.

Trooper Knick testified that he was the only trooper on duty in Rappahannock County at the time he stopped appellant. Knick testified that he was aware of no facility or qualified person authorized to perform the blood test in Rappahannock County, that during the five and one-half years he had worked as a trooper he had never been aware of such a facility or person located in the county, and that the State Police policy during that entire period had been that no blood test was available in Rappahannock County.

Knick stated that the nearest facility available for a blood test would be Fauquier Hospital in Warrenton. The trooper was not permitted to leave Rappahannock County without first notifying his supervisor. Knick testified that had he left Rappahannock County to take appellant to Fauquier Hospital, a trip which would have required over an hour to complete, no trooper would have been on duty in Rappahannock County.

Trooper Knick and Rappahannock County Sheriff John Woodward testified that state troopers, not sheriff's deputies, investigate traffic accidents in Rappahannock County.[1]  Sheriff

[1] An exception, not applicable in this case, is a minor traffic accident, without injury, which occurs during the midnight shift.

2

Woodward testified that during the 4:00 p.m. to midnight shift on Saturdays and Sundays, two deputies are on patrol, in a single car, in the county. Woodward stated that the deputies are not permitted to leave Rappahannock County.

Woodward also testified that, with the exception of a period of six to nine months when a Ms. Rustic performed blood tests, he was aware of no facility or individual in the county that was authorized to draw or analyze blood. The Rappahannock Medical Center, the only clinic facility in the county, had refused to administer the blood test.[2] The policy of the sheriff's department was that a blood test was not available.

The trial court, relying on this Court's opinion in Talley v. Commonwealth, 16 Va. App. 473, 431 S.E.2d 65 (1993), found that the unavailability of the blood test, under these circumstances, was reasonable. Appellant, thereafter, entered a conditional guilty plea to the charge.

## II.

Code § 18.2-268.2(B), in effect at the time of appellant's arrest, provided that a motorist arrested for driving under the influence of alcohol "shall elect to have either a blood or breath sample taken . . . . "[3]

---

[2] The Commonwealth introduced letters, dated September 10, 1985, and June 15, 1994, from Dr. Jerry W. Martin, of the Rappahannock Medical Center, to the Commonwealth's Attorney, Peter Luke, stating the clinic's unavailability for such tests.

[3] Effective January 1, 1995, Code § 18.2-268(B) requires that an arrested person "shall submit to a breath test. If the breath test is unavailable or the person is physically unable to submit

> If either test is unavailable, the accused must take the available test, and the unavailability of the other test may not be asserted as a defense. Only if both tests are available is the accused entitled to choose the test to be administered. Once an accused elects to take either the blood or the breath test, if the election is not honored because of unavailability, the Commonwealth must establish a valid reason for the lack of availability of the test requested.

Snead v. Commonwealth, 17 Va. App. 372, 374, 437 S.E.2d 239, 241 (1993) (citation omitted). "The reasonableness of the Commonwealth's explanation is determined from a review of all the facts, and courts must subject these facts to particular scrutiny when 'office procedures' are cited in support of an assertion that one test was unavailable at the time of the defendant's arrest." Commonwealth v. Gray, 248 Va. 633, 636, 449 S.E.2d 807, 809 (1994).

An accused, moreover, has no duty to demand a particular test in order to be entitled to it. Rather, the Commonwealth is required to instruct an accused as to his or her statutory options. Sullivan v. Commonwealth, 17 Va. App. 376, 379, 437 S.E.2d 242, 244 (1993). "If the defendant 'consents' to one test or the other without being fully informed of her or his options under the statute, the defendant has not truly 'elected' one test over the other as required by law." Id.

In Talley, the Powhatan County Sheriff's Department had a

---

to the breath test, a blood test shall be given."

4

policy whereby after-hours blood tests could be obtained at a hospital in nearby Chesterfield County, "as long as more than one field officer was on duty to cover the county." Talley, 16 Va. App. at 476, 431 S.E.2d at 67. Talley was arrested by a Powhatan sheriff's deputy one minute before the only other deputy on duty was scheduled to end his shift. The arresting officer advised Talley that he believed the blood test to be unavailable. In fact, the deputy scheduled to go off duty administered the breath test, over forty minutes after Talley's arrest.

We held in Talley that "the policy in this case was neither arbitrary nor capricious; facially or as applied, the policy was reasonable in order to ensure that one field deputy was available within the county at all times." Talley, 16 Va. App. at 476, 431 S.E.2d at 67. See also Mason v. Commonwealth, 15 Va. App. 583, 585-86, 425 S.E.2d 544, 545-46 (1993) (Commonwealth established reasonable basis for unavailability of blood test where arresting officer was only state police officer on duty in Powhatan County on evening of arrest, and he had orders not to leave the county).

Here, Trooper Knick was the only state trooper on duty in Rappahannock County at the time of appellant's arrest. State troopers investigate all traffic accidents in the county during the evening shift. Knick could not leave the county without first notifying his supervisor. At most, the sheriff's department had only two deputies, in one vehicle, patrolling the roads, and the sheriff forbade his deputies to leave the county.

5

No facility or individual authorized to administer the blood test was known to be available in Rappahannock County at the time of appellant's arrest.[4]

In this case, as in Talley, the policy that a blood test was unavailable in Rappahannock County is neither arbitrary nor capricious, but was reasonable based on the limited number of officers available to serve the locality and the absence of facilities or persons within the county to administer such tests. We hold that the trial court did not err in finding that the Commonwealth had provided a reasonable explanation for the unavailability of the blood test. Accordingly, we affirm appellant's conviction.

Affirmed.

---

[4]This case is distinguishable from Snead v. Commonwealth, 17 Va. App. 372, 437 S.E.2d 239 (1993). In Snead, "[t]he Commonwealth's evidence proved only that, as a matter of police department policy, no public facility for taking a blood sample is available on a twenty-four hour basis in Hanover County." 17 Va. App. at 374-75, 437 S.E.2d at 241. In this case, Sheriff Woodward testified that the clinic in Rappahannock had refused. He also stated that no one other than Ms. Rustic, temporarily, had been available to perform the test. He testified that no doctor maintains an office in the county, and no laboratory authorized to draw or analyze blood is located there. When asked if he was aware of any registered nurse, lab technician or other private facility, Woodward stated, "None to my knowledge that has ever come forward." On cross-examination, Woodward stated that he was aware from a previous court case that two doctors, who work in Culpeper, live in Rappahannock County.