COMMONWEALTH OF VIRGINIA

V.

LEWIS BOYCE GRAY

Record No. 931849

November 4, 1994

Present: All the Justices

*J. Gregory Ashwell, Assistant Commonwealth's Attorney* for appellant.
No brief or argument for appellee.

JUSTICE KEENAN delivered the opinion of the Court.

The sole issue in this appeal is whether the trial court erred in dismissing a charge of unreasonable refusal to submit to a breath or blood test, Code §§ 18.2-268.2 to -268.4, based on its finding that the Commonwealth failed to establish that the breath test was unavailable at the time of the defendant's arrest.

At 1:26 a.m. on February 28, 1993, Lewis Boyce Gray was arrested by Corporal B.S. Rogers of the Fauquier County Sheriff's Office and was charged with "driving under the influence." Code § 18.2-266. After Rogers advised Gray of Code § 18.2-268.2, Virginia's "implied consent law," Gray requested the breath test.

At the time of Gray's arrest, none of the Sheriff's deputies on duty was licensed to administer the breath test. Therefore, Corporal Rogers had his dispatcher contact both the Warrenton Town Police and the only State Trooper working in Fauquier County to determine whether a licensed breath test operator was on duty anywhere in the County. When no licensed operator could be located, Rogers advised Gray that the breath test was unavailable, and that he would have to take the blood test.

Gray refused to take the blood test and was brought before a magistrate, who again advised him of the implied consent law. After Gray continued to refuse to submit to the blood test, he was charged with the present offense.

Gray was found guilty on the refusal charge in the General District Court. On appeal in the trial court, he waived his right to a jury trial.

In addition to Corporal Rogers' testimony, the trial court heard testimony from Lieutenant Paul Mercer, Commander of Patrol Operations for the Fauquier County Sheriff's Office. Mercer testified that, on February 28, 1993, the Sheriff's Office had five licensed breath test operators on its staff. Mercer corroborated Rogers' testimony that no licensed operator was working on the midnight shift on the date of Gray's arrest.

Mercer also testified about the required procedure when the Sheriff's Office has no licensed breath test operator on duty at the time the breath test is requested. In that event, both the State Police and Warrenton Town Police are contacted to determine whether either has a licensed operator available to administer the test. If no breath test operator can be located, the breath test is deemed to be unavailable and the defendant is required to submit to the blood test.

After hearing the evidence, the trial court ruled that, since five employees of the Sheriff's Office were licensed to administer the breath test, the breath test was "available" within the meaning of Code § 18.2-268.2(B), even though none of these five employees was on duty at the time Gray elected to take the breath test. Thus, the trial court concluded that the Commonwealth had not demonstrated that the breath test was unavailable, and it dismissed the refusal charge.

On appeal, the Commonwealth argues that the evidence showed that Corporal Rogers attempted to make a breath test available to Gray, and that his actions were reasonable and sufficient to establish that the breath test was not available, within the meaning of Code § 18.2-268.2(B). The Commonwealth further contends that the departmental procedure of the Sheriff's Office is not arbitrary or capricious, either in its design or in the manner it was applied in the present case. We agree.

█ In examining the evidence, we first acknowledge that, under our standard of review, the decision of the trial court will be reversed on appeal only if it is plainly wrong or without evidence to support it. Code § 8.01-680; *City of Hopewell v. County of Prince George*, 239 Va. 287, 296, 389 S.E.2d 685, 690 (1990); *Furrow v. State Farm Mut. Auto. Ins. Co.*, 237 Va. 77, 79, 375 S.E.2d 738, 739 (1989). The proceedings on an unreasonable re-

fusal charge are civil and administrative in nature. *Commonwealth v. Rafferty*, 241 Va. 319, 323, 402 S.E.2d 17, 19 (1991); *Deaner v. Commonwealth*, 210 Va. 285, 293, 170 S.E.2d 199, 204 (1969). Nevertheless, by statute, the Commonwealth is required. to prove the defendant guilty of the charge beyond a reasonable doubt. Code § 18.2-268.4.

■ Code § 18.2-268.2 establishes the breath test and the blood test as alternative means for determining the alcohol content of blood. Under this statute, a driver has the right to take either test.* When a driver chooses a particular test, and that test cannot be administered because it allegedly is unavailable, the Commonwealth must establish at trial a reasonable basis to support such a finding. *Mason v. Commonwealth*, 15 Va. App. 583, 585, 425 S.E.2d 544, 545 (1993). If the Commonwealth fails to provide a reasonable explanation why the chosen test was not available, the defendant cannot be convicted of unreasonably refusing to submit to the other test. *See Breeden v. Commonwealth*, 15 Va. App. 148, 150, 421 S.E.2d 674, 675-76 (1992).

■ The reasonableness of the Commonwealth's explanation is determined from a review of all the facts, and courts must subject these facts to particular scrutiny when "office procedures" are cited in support of an assertion that one test was unavailable at the time of the defendant's arrest. If such a procedure is arbitrary or capricious, either in its design or in the manner in which it is applied in an individual case, the Commonwealth cannot rely upon it to establish a reasonable explanation as to why a requested test was unavailable. *See Talley v. Commonwealth*, 16 Va. App. 473, 476, 431 S.E.2d 65, 67 (1993).

We recognize that numerous, often competing, considerations must be taken into account in scheduling work shifts in a law enforcement agency. However, if these considerations are allowed to take precedence so as to subvert the availability of either test authorized by Code § 18.2-268.2(B), any refusal charge resulting from the application of such procedures must be dismissed.

In accordance with these principles, we examine both the design of the Sheriff's procedures and the manner of their application in the present case. First, the design of the Sheriff's required procedure for determining the availability of the breath test is not arbi-

---

\* Effective January 1, 1995, Code § 18.2-268.2(B) will require that the arrested person "submit to a breath test. If the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given."

trary or capricious. Rather, the procedure is designed to insure that, if a licensed breath test operator is on duty with a law enforcement agency in Fauquier County, such officer will be located for the purpose of administering the breath test.

Second, the evidence is uncontroverted that Corporal Rogers fully complied with the Sheriff's required procedures in this case. In addition, there is no evidence indicating that, in scheduling its work shifts, the Sheriff's Office habitually made its own employees unavailable to administer the breath test. Under these circumstances, there is no basis in this record for concluding that the Sheriff's procedures were applied in an arbitrary or capricious manner on the date of Gray's arrest, or that the breath test was available on that date. Therefore, we conclude that the trial court's decision is not supported by the evidence, and that the Commonwealth met its burden of establishing a reasonable explanation as to why the breath test was unavailable.

Gray conceded at trial that Corporal Rogers had probable cause to arrest him for driving under the influence. Thus, under the evidence presented, his refusal to submit to a blood test was unreasonable as a matter of law, and the trial court erred in reaching a contrary conclusion.

For these reasons, we will reverse the trial court's judgment and remand the case for entry of an order against Gray on the refusal charge.

*Reversed and remanded.*