COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Bray
Argued at Richmond, Virginia


NORMAN LUTHER WALKER

v.          Record No. 0226-95-3          OPINION BY
                                    JUDGE JERE M. H. WILLIS, JR.
CITY OF LYNCHBURG                        MARCH 26, 1996


        FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                  Richard S. Miller, Judge

        Margaret A. Nelson (Office of the Public
        Defender, on brief), for appellant.

        Elizabeth P. McDonald (Commonwealth's
        Attorney's Office, on brief), for appellee.


        On appeal from his conviction of operating a motor vehicle while under the influence of alcohol, Norman Luther Walker contends the trial court erred in holding that the City of Lynchburg complied with the Virginia Implied Consent Law.  We find no error and affirm the judgment of the trial court.

        At 10:00 p.m. on April 22, 1994, Walker was operating a motor vehicle westward on Route 460 toward Lynchburg.  A Lynchburg deputy observed the vehicle proceeding erratically and running on and off the shoulder of the road.  The deputy was off-duty, so she called for another officer.  Officer Pelletier responded and stopped the vehicle.  As he approached the vehicle, Officer Pelletier smelled a strong odor of alcohol and saw a woman in the backseat drinking a beer.  Upon removing Walker from the car, Officer Pelletier smelled alcohol on Walker as well.

        Walker performed two field sobriety tests.  He completed

neither accurately. Officer Pelletier arrested Walker and advised him of the implied consent law, Code § 18.2-268.2. Walker elected to take a blood test and was transported to Lynchburg General Hospital. An authorized laboratory technician tried three times to draw blood from Walker's arm, but without success. While this effort was in progress, Walker smiled at Officer Pelletier and said, "I told you I wouldn't make it easy on you." After being told by the technicians that they were unable to draw blood from Walker, Officer Pelletier asked Walker if he knew of any other place where they could try to draw blood. Walker did not reply. Officer Pelletier then determined that the blood test could not be accomplished and was therefore unavailable. He transported Walker to the Lynchburg Police Department, where a breath test was performed. This test produced a blood alcohol reading of .15%.

Marsha Accordino, the clinical laboratory coordinator at Lynchburg General Hospital, testified that hospital regulations permitted the withdrawal of blood from only the hands and arms for purposes of DUI blood alcohol testing. She testified that if blood cannot be drawn from those parts of the body, the alternative is the withdrawal of arterial blood. That procedure requires a doctor's approval and requires that the patient be admitted to the hospital. Walker's circumstances did not support admission to the hospital on either basis.

At trial, Walker moved to suppress the results of the breath

test on the ground that he was denied his right to a blood test. He argued that Officer Pelletier acted improperly and without authority in declaring that the blood test was unavailable. The trial court denied the motion to suppress, admitted the breath test results, and specifically found that the "Commonwealth's determination of unavailability is not arbitrary or capricious and that such determination was reasonable." The record supports this holding.

> In 1993, Code § 18.2-268.2 stated, in pertinent part:
> (A) Any person . . . who operates a motor vehicle upon a highway . . . in this Commonwealth shall be deemed thereby, as a condition of such operation, to have consented to have samples of his blood, breath, or both blood and breath taken for a chemical test to determine the alcohol, drug, or both alcohol and drug content of his blood, if he is arrested for violation of § 18.2-266 . . . within two hours of the alleged offense.
>
> (B) Any person so arrested . . . shall elect to have either a blood or breath sample taken, but not both. If either the blood test or the breath test is not available, then the available test shall be taken . . . .[1]

"Code § 18.2-268 contemplates the existence of both a blood and breath test." Driver v. Commonwealth, 6 Va. App. 583, 585, 371 S.E.2d 27, 28 (1988). "If one of the tests is unavailable the government must provide a reasonable explanation for its unavailability." Mason v. Commonwealth, 15 Va. App. 583, 585,

---

[1]Acts 1994, cc. 359, 363 rewrote this section.

425 S.E.2d 544, 545 (1993). "Once a driver elects to take either the blood test or the breath test, if the election is not honored because of unavailability, the Commonwealth must establish a 'valid reason for the lack of availability of a test.'" Id. (quoting Breeden v. Commonwealth, 15 Va. App. 148, 151, 421 S.E.2d 674, 676 (1992)).

The laboratory technicians tried three times to draw blood from Walker. The remaining option was withdrawal from an artery. However, this could not be done because Walker was neither an in-patient nor an emergency patient. These circumstances provided sufficient basis to determine unavailability of the blood test. The officer acted properly in determining that the blood test was unavailable and in making the breath test available to Walker.

The judgment of the trial court is affirmed.

Affirmed.

BENTON, J., dissenting.

The evidence proved that Walker was cooperative during the procedure and did not interfere with the taking of his blood. The Commonwealth has the burden of establishing a "valid reason for the lack of availability of [the blood] test." Breeden v. Commonwealth, 15 Va. App. 148, 151, 421 S.E.2d 674, 676 (1992). The technician's testimony that she could not locate a vein from which to draw blood was insufficient to prove the test was unavailable under Code § 18.2-268.2. The record proved that the officer failed to inquire whether a qualified physician or nurse was available in the hospital's adjacent emergency room to withdraw blood from Walker. I would hold that the police officer unreasonably made the medical judgment that the sample of blood could not be taken for the test.