COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Alexandria, Virginia


DANFUL RAY HERRING
                                          OPINION BY
v.     Record No. 1785-97-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       DECEMBER 8, 1998
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                     Porter R. Graves, Jr., Judge

          Walter F. Green, IV (Green & O'Donnell, on
          brief), for appellant.

          Eugene Murphy, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Danful Ray Herring (appellant) was convicted of driving

under the influence, first offense, in violation of Code

§ 18.2-266.[1]  The sole issue in this appeal is whether the breath

test was "unavailable" within the meaning of Code § 18.2-268.2(B)

when the breathalyzer at the local jail failed to function.  For

the following reasons, we affirm the DUI conviction.

                                I.

     On November 21, 1996, Virginia State Game Warden D.W.

Herndon received a dispatch regarding a possible intoxicated

driver on Turner Run Road in George Washington National Forest.

When Herndon arrived at the specified location, he observed a

Ford pickup truck driven by appellant.  He followed the truck for

---

          [1]Appellant was also convicted of refusal to take a blood or
breath test in violation of Code § 18.2-268.2, which is not at
issue in this appeal.

approximately two to three miles and observed appellant stop at an intersection, make a wide right turn, and force an oncoming vehicle off the road. Appellant was stopped and, after failing two of four field sobriety tests, was arrested for driving under the influence of alcohol.

Herndon advised appellant of the implied consent law. Appellant requested a breath test and was taken to the Rockingham County Jail. During the administration of the test, the breathalyzer malfunctioned. Appellant was offered a blood test, which he refused. Herndon took appellant before a magistrate who again explained the implied consent law, and appellant again refused.

Evidence at trial established that the same model breathalyzer machine was located at the Harrisonburg Police Department (HPD), which was down the street from the Rockingham County Jail. However, Deputy Richard Getz, the breathalyzer operator at the jail, stated he had <u>never</u> used the HPD breathalyzer and it was not standard operating procedure to use it. Getz also testified he had never heard of any of the Rockingham deputies going to the HPD to use that breathalyzer. Instead, if the jail breathalyzer malfunctioned, the next step was to administer a blood test. A nurse was on duty at the jail and ready to administer the blood test to appellant.

At the conclusion of the Commonwealth's case, appellant moved to strike the evidence, contending the Commonwealth failed

to meet its burden to establish a valid reason for the unavailability of the breath test requested by appellant. The trial court overruled appellant's motion and convicted him of driving under the influence, first offense, in violation of Code § 18.2-266.

## II.

Code § 18.2-268.2(B) provides that any person arrested for driving under the influence "shall submit to a breath test. If the breath test is unavailable . . . a blood test shall be given." Appellant concedes that the breathalyzer at the jail malfunctioned; however, he argues that the breath test was still "available" within the meaning of Code § 18.2-268.2(B) because another breathalyzer was available at the HPD, which was located within one block of the jail. Appellant argues the Commonwealth failed to make a "reasonable effort to comply with [the statute]" by transporting him to the other police station and, therefore, the charge should have been dismissed. We disagree.

The Commonwealth bears the burden of establishing that the breath test appellant requested was unavailable. Furthermore, the Commonwealth must provide a reasonable explanation for its unavailability. See Breeden v. Commonwealth, 15 Va. App. 148, 151, 421 S.E.2d 674, 676 (1992); see also Mason v. Commonwealth, 15 Va. App. 583, 585, 425 S.E.2d 544, 545 (1993) (decided under former version of Code § 18.2-268.2(B)). In Breeden, the defendant requested a blood test from a local hospital but was

told by officers that no one was available at the hospital to administer the test. No officers checked with the hospital to determine whether such a test could be given. We held the Commonwealth failed to establish why the blood test was unavailable within the meaning of the statute.

Similarly, in Sullivan v. Commonwealth, 17 Va. App. 376, 473 S.E.2d 242 (1993), the defendant was told by officers that the only test available to her was a breath test. However, the evidence established that a blood test was available twenty-four hours each day at a local hospital down the street and that the police used the hospital regularly for the drawing of blood. We held in that case the blood test was "available" within the meaning of the statute and defendant was entitled to elect which test would be performed.

This case is distinguishable from both Breeden and Sullivan. Unlike Breeden, Deputy Getz began to administer the breath test requested by appellant and did not attempt to hinder appellant's election of which test to employ. Contrary to appellant's argument that a breathalyzer was available at the HPD and that his case is controlled by Sullivan, no evidence was presented that the Rockingham jail officers used that machine on a regular basis or on any prior occasion.

We believe the instant case is controlled by Commonwealth v. Gray, 248 Va. 633, 449 S.E.2d 807 (1994), decided subsequent to both Breeden and Sullivan, in which the Supreme Court affirmed

defendant's refusal conviction.  In that case, the sheriff's department did not have a licensed breathalyzer operator on duty at the time of defendant's arrest.  In reviewing the department's procedures, the Court wrote:

> The reasonableness of the Commonwealth's explanation is determined from a review of all the facts, and courts must subject these facts to particular scrutiny when "office procedures" are cited in support of an assertion that one test was unavailable at the time of defendant's arrest.

Id. at 636, 449 S.E.2d at 809.  According to department procedures in Gray, when no officer was on duty to administer a breath test, a blood test was to be given.  The Court concluded that the Commonwealth provided a reasonable explanation as to the unavailability of the breath test.  See id. at 636-37, 449 S.E.2d at 810; see also Mason, 15 Va. App. at 585, 425 S.E.2d at 545 (concluding that a blood test was "unavailable" where officer was the only officer on duty and the nearest hospital was in a neighboring jurisdiction).

In the instant case, the officers attempted to provide appellant with the breath test as requested.  When the machine malfunctioned, it became unavailable within the meaning of the statute.  The Commonwealth is not required to search the surrounding areas for an otherwise available machine.  No evidence was presented that a qualified operator was on duty at the HPD or that the deputies from the jail were allowed to use the machine at the police department.  Because the breath test

could not be successfully completed, it was unavailable, and the Commonwealth provided a reasonable explanation for its unavailability.  See Walker v. City of Lynchburg, 22 Va. App. 197, 468 S.E.2d 164 (1996) (holding that a blood test was unavailable when the laboratory technician was unable to draw defendant's blood after three attempts).

Accordingly, we affirm appellant's conviction.

Affirmed.