COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Lemons and Senior Judge Hodges
Argued at Alexandria, Virginia


GEORGE LAMAY
                                          OPINION BY
v.   Record No. 2965-97-4         JUDGE WILLIAM H. HODGES
                                         APRIL 13, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                 Benjamin N.A. Kendrick, Judge

          (Judy A. Dugger, on briefs), for appellant.
          Appellant submitting on briefs.

          Richard Barton Campbell, Assistant Attorney
          General (Mark L. Earley, Attorney General,
          on brief), for appellee.


     George Lamay (appellant) appeals his conviction for driving

while intoxicated (DUI).  He contends the trial court erred when

it refused to allow testimony at his DUI trial relating to his

alleged physical inability to take a breath test following his

DUI arrest.  Appellant argues that, under the DUI statutes, his

inability to take a breath test required the Commonwealth to

provide him a blood test; absent a blood alcohol test, appellant

asserts that the trial court erred in refusing to dismiss the

case.  Appellant also contends that, due to numerous

contradictions and discrepancies in the evidence, the evidence

was insufficient to prove his guilt.  For the reasons that

follow, we reverse appellant's conviction and remand.

## I.

Arlington County Police Officer George Lichtenberg arrested appellant on June 7, 1997, and charged him with driving under the influence of alcohol. At the police station, Lichtenberg advised appellant of the implied consent law and about the breath test. The police never obtained breath test results. The police also charged appellant with refusing to take a breath test in violation of Code § 18.2-268.3.

## II.

### DUI Trial in District Court

On August 7, 1997, the Arlington County General District Court convicted appellant of DUI and sentenced him to sixty days in jail, with fifty-four days suspended. In addition, the court fined him $1,500, with $1,000 suspended, and ordered him to be of good behavior and attend and successfully complete an alcohol safety program. The court suspended his driver's license for one year and granted him a restricted license, allowing him to travel to and from work during working hours.

### Refusal Trial in District Court

On September 11, 1997, the Arlington County General District Court tried appellant on the charge of refusing to submit to a breath test. See Code § 18.2-268.3. The district court dismissed the charge.

DUI Trial <u>De</u> <u>Novo</u> in Circuit Court

At appellant's October 30, 1997 trial <u>de</u> <u>novo</u> before the circuit court on the DUI charge, Officer Lichtenberg testified about the events surrounding the stop, arrest and attempt to administer a breath test to appellant.  During cross-examination, defense counsel asked Lichtenberg what happened after he advised appellant of the implied consent law. The Commonwealth objected on the basis of relevance.  Defense counsel argued, "I would ask that I be allowed to ask what happened at the booking," but the trial judge sustained the objection.

After the Commonwealth rested, appellant testified.  When defense counsel asked appellant about "blow[ing] into the [breathalyzer] machine," the Commonwealth objected on the basis of relevance.  Appellant contended that evidence surrounding the administration of the breath test was necessary so the trial court could determine "whether or not provisions of 18.2-268 have been violated."  The following exchange ensued:

> [DEFENSE COUNSEL]:  I would proffer to the court that the Defendant's testimony will be that he was asked to take the breath test, and was told to breath [sic] deeply, in preparation for breathing deeply into this machine, that doing so caused him to incur a fit of coughing because of his asthma that he has been suffering from for a number of years.  He tried to breath [sic] into the machine a number of times.  As a result of the coughing because of the asthma, he was not able to do so.  He was taken before the

- 3 -

magistrate and he was asked to try the test again.  He could not because of his coughing and he was issued a citation for refusal.

THE COURT:  That's not before that [sic] court.

Defense counsel argued that Code § 18.2-268.2 requires that a "'blood test shall be given'" if "'the breath test is unavailable or the person is physically unable to submit to a breath test.'"  Counsel made the following argument:

That's mandatory.  "Shall be given."  I will proffer to the Court that not only was it not given, it was not even offered.  And that is a violation of 18.2-268.2, and there is a long line of cases that talks about it. He was deprived of his opportunity to produce evidence that would establish his innocence in violation of this code section. We can't bring that to the Court's attention without this evidence.  If we bring this to the Court's attention and the Court agrees it's a violation, the remedy pursuant to the [case law] out of the Court of Appeals is dismissal of the prosecution of the D.W.I. because he was deprived of the statutory right to present evidence in his own defense in as much as 18.2-268.2 says that the blood test shall be given, and it was not even offered in this case.
   If it had been offered and he had refused that, we wouldn't be standing here, or at least I wouldn't be making the argument, but the evidence was that it was not even offered, let alone required, that is a violation.  And it requires a dismissal of the prosecution as a remedy.

The Commonwealth argued that, because a driver no longer has a choice of tests, such evidence was relevant only to the refusal charge.  The trial judge sustained the objection.  The

- 4 -

prosecution also asserted that trial should proceed and appellant's guilt should be determined from the other evidence.

Defense counsel countered that appellant was deprived of his right to present possibly exculpatory evidence, after which the following exchange took place:

> THE COURT: So you're saying because he started coughing and couldn't conduct the test that they offered, they should have given him a blood test --
>
> [DEFENSE COUNSEL]: The statute says so.
>
> THE COURT: And because they didn't give him a blood test, this case should be dismissed?
>
> [DEFENSE COUNSEL]: Yes, sir.
>
> THE COURT: Your exception is noted.

After refusing appellant's testimony about the breath test, the trial court allowed defense witness Marietta Warden to testify as an expert about the effect of alcohol on a person's blood alcohol level, and to render an opinion about appellant's behavior and blood alcohol level based on the amount of alcohol appellant told her he had consumed.[1] In response to the trial court's questions, Warden said that appellant told her he was an asthmatic and that he had suffered an asthmatic attack the night he was arrested.

---

[1]Warden did not meet with appellant at the time of his June 7, 1997 arrest; instead, she interviewed him on June 25, 1997 and on July 16, 1997, during which time appellant provided background data upon which Warden based her opinions.

- 5 -

After the parties rested, defense counsel raised "[o]ne tidy bookkeeping matter."  "In order for the record to be complete and to preserve all this," and "for purposes of the evidentiary basis for the renewal of the motion to strike," defense counsel introduced Exhibits 5 and 6.  Exhibit 5 is a copy of the summons for the refusal charge from the district court indicating that the refusal charge was dismissed, and Exhibit 6 is entitled "Certificate of Refusal--Breath/Blood Test."  Exhibit 6 is signed by the magistrate, and under the magistrate's signature is a handwritten notation regarding the breath test refusal.  Defense counsel asked the trial judge "to take them and mark them," and "take judicial notice of the Court's own records."  The following colloquy took place:

> [DEFENSE COUNSEL]:  For the purpose of the record, I renew the motion to strike that was entered earlier.  The Court has probably heard the totality of the argument in addressing the Commonwealth's objections to the admissibility of that basis evidence. Let me just reiterate so the record is complete, that it's based on a violation of the [sic] 18.2-268.3B inasmuch as the statute requires that if the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test can be given and that was not done in this case.
>
> THE COURT:  The record will reflect that five and six are admitted for the purposes stated.
>
> [DEFENSE COUNSEL]:  Yes, sir.

THE COURT: And your motion to strike is denied and your exception is noted.

[DEFENSE COUNSEL]: And we ask the Court to take judicial notice of the Court's own records, you will see the certified copies of not only the refusal certificate issued by the magistrate, and made a part of the General District Court records with reference to the trial of the charge of refusal itself and the warrant charging Mr. Lamay with refusal. Also, the back side of each of those documents, specifically the refusal wherein the case was tried, and I'm not certain, in a civil case, it says not guilty, it says charge dismissed. It's not a criminal case, it can't be guilty or not guilty. It does indicate it was dismissed.

THE COURT: I don't believe that it is in this file. It has its own file, I think. And that file.

[DEFENSE COUNSEL]: This is a General District Court file from which those were extracted and the clerk certified them on the flip side.

THE COURT: I will take judicial notice. It's not in this file, you're aware of that?

[DEFENSE COUNSEL]: That is correct.

THE COURT: That will be part of the record.

Beneath the magistrate's signature on Exhibit 6 is the following handwritten statement: "Accused gave insufficient sample and would not answer when asked if he wished to <u>try the test again</u>."

After hearing argument regarding some discrepancies between Lichtenberg's testimony and the testimony of appellant, the trial court found appellant "not a credible witness" and found

- 7 -

him guilty of DUI. The court sentenced appellant to twelve months in jail with all but ninety days suspended. The court also fined appellant $2,500. On December 12, 1997, the court denied appellant's motion for reconsideration.

III.

Appellant contends the trial court erred in refusing to allow testimony relating to the failure of the police to comply with the requirement that when a person is physically unable to submit to a breath test, a blood test shall be given.[2] We have not had an opportunity to construe fully the provisions of Code § 18.2-268.2 since its effective revision date of January 1, 1995. Therefore, this case comes before us as one of first impression and requires us to analyze Code § 18.2-268.2(B) in situations where at his or her DUI trial an accused DUI driver alleges physical inability to take a breath test. We must determine, under the limited facts of this case, what evidence is admissible, the procedures to follow, and what remedy, if any, should issue.

---

[2]Appellant raises two other issues: whether there was error in the trial court's refusal to dismiss the case due to the Commonwealth's alleged failure to follow the statute, and whether there was error in the trial court's failure to find a reasonable doubt as to appellant's guilt, given the alleged discrepancies in the evidence presented at trial. Because of our decision to remand based on an evidentiary error, we do not reach either of these issues on appeal.

IV.

Code § 18.2-268.2(B)

(Implied Consent to Post-Arrest Chemical Test)

Code § 18.2-268.2 was revised by the legislature in 1994 by "Acts 1994, cc. 359 and 363."  It took effect on January 1, 1995.  Before the revision, Code § 18.2-268.2(B) offered a choice as to which test to take and provided as follows:

> Any person so arrested for a violation of § 18.2-266(i) or (ii) or both, or § 18.2-266.1 or of a similar ordinance shall elect to have either a blood or breath sample taken, but not both.  If either the blood test or breath test is not available, then the available test shall be taken and it shall not be a matter of defense if the blood test or the breath test is not available.  If the accused elects a breath test, he shall be entitled upon request, to observe the process of analysis and to see the blood-alcohol reading on the equipment used to perform the breath test.  If the equipment automatically produces a written printout of the breath test result, the printout or a copy, shall be given to the accused.

The current version of Code § 18.2-268.2(B) provides as follows:

> Any person so arrested for a violation of § 18.2-266(i) or (ii) or both, or § 18.2-266.1 or of a similar ordinance shall submit to a breath test.  If the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given.  The accused shall, prior to administration of the test, be advised by the person administering the test that he has the right to observe the process of analysis and to see the blood-alcohol reading on the equipment used to perform the

- 9 -

breath test. If the equipment automatically
produces a written printout of the breath
test result, the printout, or a copy, shall
be given to the accused.

In its 1995 revision, the legislature eliminated the

driver's option to elect which test to take and mandated that a

driver accused of DUI "shall submit to a breath test." Only

when a breath test is unavailable or the accused is physically

unable to take one, is a blood test to be given.

Under the former statute, the legislature mandated that if

one test is unavailable, "then the available test shall be

taken." (Emphasis added.) The revised statute provides that if

the breath test is unavailable or the person is physically

unable to take it, "a blood test shall be given." (Emphasis

added.)

Code § 18.2-268.3

(The Refusal Statute)

The current version of Code § 18.2-268.3, the refusal

statute, reads in pertinent part:

A. If a person, after having been arrested
for a violation of §§ 18.2-51.4, 18.2-266 or
§ 18.2-266.1 or of a similar ordinance and
after having been advised by the arresting
officer that a person who operates a motor
vehicle upon a public highway in this
Commonwealth is deemed thereby, as a
condition of such operation, to have
consented to have samples of his blood and
breath taken for chemical tests to determine
the alcohol or drug content of his blood,
and that the unreasonable refusal to do so
constitutes grounds for the revocation of

- 10 -

the privilege of operating a motor vehicle upon the highways of this Commonwealth, refuses to permit blood or breath or both blood and breath samples to be taken for such tests, the arresting officer shall take the person before a committing magistrate. If he again so refuses after having been further advised by the magistrate of the law requiring blood or breath samples to be taken and the penalty for refusal, and so declares again his refusal in writing upon a form provided by the Supreme Court, or refuses or fails to so declare in writing and such fact is certified as prescribed below, then no blood or breath samples shall be taken even though he may later request them.

B.   The form shall contain a brief statement of the law requiring the taking of blood or breath samples and the penalty for refusal, a declaration of refusal, and lines for the signature of the person from whom the blood or breath sample is sought, the date, and the signature of a witness to the signing. If the person refuses or fails to execute the declaration, the magistrate shall certify such fact and that the magistrate advised the person that a refusal to permit a blood or breath sample to be taken, if found to be unreasonable, constitutes grounds for revocation of the person's privilege to operate a motor vehicle on the highways of this Commonwealth.  The magistrate shall promptly issue a warrant or summons charging the person with a violation of § 18.2-268.2.  The warrant or summons shall be executed in the same manner as criminal warrants.

 *     *     *     *     *     *     *

E.   The declaration of refusal or certificate of the magistrate shall be prima facie evidence that the defendant refused to allow a blood or breath sample to be taken to determine the alcohol or drug content of

- 11 -

his blood.  However, this shall not prohibit the defendant from introducing on his behalf evidence of the basis for his refusal.  The court shall determine the reasonableness of such refusal.

V.

Admissibility of Evidence Describing the Unsuccessful
Attempt to Give the Breath Test

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988) (citation omitted).

Code § 18.2-268.2(A), the implied consent law, mandates that any person arrested for violating Code § 18.2-266 within two hours of such offense "shall be deemed thereby as a condition of such [vehicular] operation, to have consented to have samples of his blood, breath, or both blood and breath taken for a chemical test to determine the" alcohol and/or drug content of his or her blood.  Subsection (B) mandates that a "person so arrested" for such violations "shall submit to a breath test."  The subsection further directs that "[i]f the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given."

In Walton v. City of Roanoke, 204 Va. 678, 133 S.E.2d 315 (1963), the defendant alleged that admission of blood alcohol test results violated his constitutional privilege against

- 12 -

self-incrimination.  The Supreme Court rejected that argument, and, in dicta, explained the following about Virginia's former implied consent statute:

> The provisions of [the implied consent law] serve a <u>salutary purpose</u>.  A chemical analysis of one's blood provides a scientifically accurate method of determining whether a person is intoxicated, removes the question from the field of speculation and supplies the best evidence for that determination.  <u>It protects one who has the odor of alcohol on his breath but has not been drinking to excess, and one whose conduct may create the appearance of intoxication when he is suffering from some physical condition over which he has no control</u>.

<u>Id.</u> at 683, 133 S.E.2d at 319 (emphases added).

Although present Code § 18.2-268.2 requires only a breath test, there remain three statutorily defined situations allowing or justifying the administration of a blood test rather than a breath test:  (1) unavailability of a breath test; (2) a violation of Code § 18.2-266(iii) or (iv), involving the use of other drugs; and (3) a suspect's physical inability to take a breath test.

### Unavailability

Under the former DUI statute that offered drivers the choice of a blood or breath test, the Commonwealth could assert that one of the tests was unavailable when a suspected driver was not provided the test that he or she elected.

In Breeden v. Commonwealth, 15 Va. App. 148, 150, 421 S.E.2d 674, 675 (1992), decided under former Code § 18.2-268(C), we placed the burden on the Commonwealth to establish that a requested test was unavailable. We held that "the Commonwealth must establish the reasons for the unavailability of one of the tests before denying a driver his or her test of choice." Id. at 150, 421 S.E.2d at 675-76. We explained that "[o]nce the Commonwealth has elected to have a driver take a blood or breath test pursuant to Code § 18.2-268, the driver has a right to receive the benefits of the test" and that "the Commonwealth must establish the reasons for the unavailability of one of the tests before denying a driver his or her test of choice." Id. In light of Breeden, we have consistently assigned the Commonwealth the burden to explain the unavailability of a requested test. See, e.g., Commonwealth v. Gray, 248 Va. 633, 636, 449 S.E.2d 807, 809 (1994) (affirming refusal conviction, holding that when accused chooses particular test, "and that test cannot be administered because it allegedly is unavailable," the Commonwealth must establish a reasonable basis to support such finding); Herring v. Commonwealth, 28 Va. App. 588, 591, 507 S.E.2d 638, 639 (1998) (holding that the Commonwealth bears the burden of establishing that a breath test was unavailable); Walker v. City of Lynchburg, 22 Va. App. 197, 198, 468 S.E.2d 164, 165 (1996) (holding that Commonwealth

- 14 -

satisfied its burden and "provided sufficient basis to determine unavailability of the [requested] blood test" under former Code § 18.2-268.2); Snead v. Commonwealth, 17 Va. App. 372, 374, 437 S.E.2d 239, 241 (1993) (holding that if an election is not honored because of unavailability, the Commonwealth must establish a valid reason for the lack of availability of the test requested); Sullivan v. Commonwealth, 17 Va. App. 376, 378, 437 S.E.2d 242, 243 (1993) (holding that Commonwealth "bears the burden of showing" that unavailability of requested tests was reasonable); Mason v. Commonwealth, 15 Va. App. 583, 585, 425 S.E.2d 544, 545 (1993) (holding that "[i]f one of the tests is unavailable the government must provide a reasonable explanation for its unavailability").

"Finally, if the unavailability of the test is found to be unreasonable, '[m]ere suppression of the result of the test not requested . . . does not cure the deprivation.'  The only appropriate remedy is reversal of the conviction and dismissal of the charges."  Sullivan, 17 Va. App. at 378, 437 S.E.2d at 243 (quoting Breeden, 15 Va. App. at 150, 421 S.E.2d at 676).

Physical Inability

By revising Code § 18.2-268.2, effective January 1, 1995, the legislature eliminated an accused driver's choice of tests but added language to accommodate situations where an accused is physically unable to take a breath test.  These legislative

- 15 -

changes require us to interpret and apply the current statute in order to effect the legislature's intended purpose. In other words, we must determine how that language comes into play in a DUI case, who has the burden to establish physical inability, and what procedures are to be followed.

Because it is the accused driver whose physical inability is at issue in such situations, logic dictates that the burden should fall on the accused to establish that fact. After an accused presents evidence of his physical inability, the Commonwealth is entitled to present evidence in rebuttal, after which it rests upon the trial court to determine whether the accused satisfied his or her burden.

Here, the trial court refused to consider evidence relating to administration of the breath test, ostensibly because it was the same evidence presented in the district court trial on the refusal charge and, thus, was not relevant. As discussed below, prior case law under the former DUI statutes supports that view.

In Cash v. Commonwealth, 251 Va. 46, 466 S.E.2d 736 (1996), the defendant was charged with driving under the influence and with refusing to submit to a blood or breath test. The district court acquitted her of the DUI charge but convicted her of the refusal charge. See id. at 48, 466 S.E.2d at 737. She appealed the refusal conviction to the circuit court.

Pretrial, the circuit court granted the prosecutor's motion to exclude certain

> evidence proffered by [Cash] on the
> reasonableness of her refusal to submit to
> the blood or breath test.  The prosecutor
> asked the court to prohibit, for example,
> any evidence regarding defendant's sobriety
> at the time of arrest and evidence of the
> outcome of the DUI charge on the ground that
> such evidence is irrelevant to the charge of
> unreasonable refusal to submit to such test.

Id.

In determining whether the trial court erred in granting the Commonwealth's motion and excluding such evidence, the Supreme Court pointed out that "the declaration of refusal or the magistrate's certificate is prima facie evidence that the defendant refused to submit to testing."  Id. at 49, 466 S.E.2d at 737.  "'However, this shall not prohibit the defendant from introducing on his behalf evidence of the basis of his refusal.  The court shall determine the reasonableness of such refusal.'"  Id. at 49, 466 S.E.2d at 738 (quoting Code § 18.2-268.3(E)).  The Court then provided the following comments regarding the DUI and refusal statutes:

> [T]his Court has decided that operation of a
> motor vehicle while under the influence of
> alcohol or drugs may give rise to two
> separate and distinct proceedings--one a
> criminal action for DUI and the other a
> civil, administrative proceeding on the
> refusal charge.  "Each action proceeds
> independently of the other and the outcome
> of one is of no consequence to the other."

Id. at 49, 466 S.E.2d at 738 (quoting Deaner v. Commonwealth, 210 Va. 285, 289, 170 S.E.2d 199, 201 (1969)).

- 17 -

At her refusal trial, Cash sought to present evidence about the small amount of alcohol she allegedly consumed, witness testimony that she was not under the influence, testimony that her driving was not erratic, testimony about the police officer's abusive conduct, evidence about her satisfactory performance on the field sobriety tests, testimony regarding her requests to consult an attorney, and evidence relating to her expressed concern that she was being framed.  See id. at 50-51, 466 S.E.2d at 738-39.

The Court held that "evidence about defendant's sobriety, about her driving proficiency, and about her subjective belief that she was not under the influence of alcohol, while admissible in a DUI trial, was utterly inadmissible in the refusal trial."  Id. at 51-52, 466 S.E.2d at 739.  Moreover, the Court ruled that Cash's "desire to consult counsel 'to see what she could do to protect her interest from being framed' furnishes no legal basis for refusal to submit to testing."  Id. at 52, 466 S.E.2d at 739.  In addition to detailing evidence that did not provide a reasonable basis for refusing a test, the Court also explained what type of evidence could provide a basis for refusal when it stated, "[i]llustrative of a refusal that would be deemed reasonable is when 'a person's health would be endangered by the withdrawal of blood.'"  Id. at 50, 466 S.E.2d at 738 (quoting Deaner, 210 Va. at 293, 170 S.E.2d at 204).  See

also <u>Bailey v. Commonwealth</u>, 215 Va. 130, 131, 207 S.E.2d 828, 829 (1974) (holding that there must be some "reasonable factual basis for the refusal," such as, endangerment of the health of the accused by the withdrawal of blood).

The Supreme Court's explanation that DUI and refusal cases are separate and distinct, and its consistent pronouncement that evidence on one charge is usually irrelevant and inadmissible in a trial on the other charge, has overshadowed the revised portion of Code § 18.2-268.2 anticipating conditions where an accused is physically unable to take a breath test.

By including physical inability as a condition precluding the administration of the required test intended to benefit an accused driver, the legislature contemplated situations where physical inability would arise and evinced its intention to allow accused drivers to establish that fact.  Under Code § 18.2-268.2, if the accused satisfies that burden before the trial court, he or she is entitled to a blood test.  Because we hold that, under appropriate circumstances, an accused bears the burden of establishing Code § 18.2-268.2(B) physical inability, such evidence must be and is admissible in a DUI trial.  In summary, whereas evidence unique to a refusal charge has historically been precluded at a DUI trial, and vice-versa, the changes in Code § 18.2-268.2 require a different evidentiary result.

## VI.

For the foregoing reasons, the trial court abused its discretion in not permitting appellant to elicit testimony relating to his physical inability to take the breath test.  On remand, the trial court is directed to permit appellant to present evidence regarding his physical inability to perform the breath test, after which the Commonwealth may present rebuttal evidence.  The trial court must then rule whether the accused has sufficiently carried his burden of establishing his physical inability.  If the trial court finds that the accused has fulfilled this burden and that a blood test was not offered, then the charge must be dismissed.  Accordingly, we reverse and remand for proceedings consistent with this opinion.

<u>Reversed and remanded.</u>