COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Felton and Senior Judge Overton
Argued at Chesapeake, Virginia


LEE BANKS WALKER

MEMORANDUM OPINION[*] BY
v.    Record No. 0349-02-1          JUDGE WALTER S. FELTON, JR.
                                    APRIL 22, 2003
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Robert B. Cromwell, Jr., Judge

            Moody E. Stallings, Jr. (Kellam T. Parks;
            Stallings & Richardson, P.C., on brief), for
            appellant.

            Stephen R. McCullough, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     Lee Walker was convicted in a bench trial of driving under

the influence of alcohol ("DUI"), third or subsequent offense, in

violation of Code §§ 18.2-266 and 18.2-270.  On appeal, Walker

contends the trial court erred in denying his motion to dismiss

the DUI charge because he was deprived of the right to and benefit

of a breath analysis.  For the following reasons, we affirm the

judgment of the trial court.

                        I.  BACKGROUND

     On July 15, 2001, Virginia Beach Police Officer Scott

Johnson observed Lee Walker's vehicle weaving.  Officer Johnson

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

activated his lights and stopped Walker.  When Officer Johnson approached Walker, he noticed that Walker "had a very, very strong odor of alcohol about his person."  Officer Johnson asked Walker for his driver's license and asked him a few questions.  Some of Walker's responses were coherent, but others were not.  Officer Johnson then asked him to step out of the vehicle.

As Walker stepped from the automobile, he almost fell over.  He managed to walk to the back of his vehicle by holding on to it.  Officer Johnson asked Walker if he had been drinking and if he had any medical problems or conditions.  As to the question of medical problems or conditions, Walker responded that he had none.  However, he responded in the affirmative to the question regarding the consumption of alcohol.  Walker indicated that he consumed three beers approximately two hours prior to the stop.

Officer Johnson proceeded to conduct three field sobriety tests.  Walker failed each test.  During the horizontal gaze test, he could not focus at all on Officer Johnson's pen or finger and almost fell over because he was swaying so badly.  During the one-legged stand test, in a ten-second period Walker almost fell over twice.  Finally, during the walk and turn test, he just stumbled around.

As a result of Walker's failing the field sobriety tests, Officer Johnson placed him under arrest for driving under the influence of alcohol.  Once Walker was in custody, Officer Johnson attempted to administer a breathalyzer test.  He

-

instructed Walker to blow into the machine "hard enough" until he heard a tone. Officer Johnson testified he noticed Walker "barely blew in the machine," which resulted in the machine testing apparatus not being activated. He informed Walker he was not performing the test correctly, "waited a second," and gave him a second opportunity to take the breath test. Officer Johnson stated that Walker once again did not blow hard enough into the machine. The machine registered an "invalid sample," and printed out a certificate of that result. After Walker twice blew ineffectively into the machine, and the machine registered "invalid sample," Officer Johnson did not attempt to administer the test again.

On cross-examination, Officer Johnson admitted, based on his training and knowledge of the printed manual for the breathalyzer, the machine will reach an "invalid sample" result if it detects a sharp rise in the blood alcohol concentration because of "mouth alcohol." If an "invalid sample" result occurs, the manual directs that a twenty-minute period must be observed before another breath test can be performed. By contrast, the manual states that a "deficient sample" message signifies that the subject started blowing into the machine, but did not meet the required parameters for a valid test, such as not blowing hard enough.

Walker was indicted for driving under the influence of alcohol, third or subsequent offense, in violation of Code

-

§§ 18.2-266, 18.2-270, and 18.2-10. Following the presentation of the Commonwealth's evidence at trial, Walker made a motion to dismiss the charge, arguing he was denied the right to and the benefit of breathalyzer results. The motion was denied, and Walker was subsequently convicted.

## II.  ANALYSIS

> On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). Walker contends that the trial court erred in denying his motion to dismiss the DUI charge because he was denied the right to and benefit of a breath analysis. We disagree.

In viewing the evidence in the light most favorable to the Commonwealth, we conclude that there is sufficient evidence in the record to support the reasonable objective finding by the trial court that Walker deliberately refused to cooperate in submitting a breath sample. Walker had two prior DUI convictions. He was arrested for his third DUI offense after failing three field sobriety tests administered by Officer Johnson. He was taken into custody and was twice given the opportunity to submit to a breath sample. During the first

-

attempted breathalyzer test, Walker barely blew into the machine, which resulted in the machine not being activated to take a valid breath sample.  Officer Johnson informed Walker he was not performing the breath test properly, "waited a second," and gave Walker a second opportunity to perform the breath test. Walker once again failed to blow into the machine as he was instructed to do so by Officer Johnson.

The second breath test yielded a result of "invalid sample."  When the breathalyzer machine detects a sharp rise in the blood alcohol concentration, due to residual mouth alcohol, an "invalid sample" occurs.  Residual mouth alcohol will be detected generally if a subject belches or vomits immediately prior to the administration of the breath test.  As a result, the breathalyzer operator must wait twenty minutes before attempting to administer a subsequent breath test.

Officer Johnson did not attempt to administer the test again, and Walker did not indicate to Officer Johnson that there was a medical reason why he could not provide a valid breath sample.  See Lamay v. Commonwealth, 29 Va. App. 461, 475-76, 513 S.E.2d 411, 418 (1999).  After twice failing to obtain a valid breath sample from Walker, it was reasonable for Officer Johnson objectively to conclude that Walker was not cooperating and that he would continue his non-cooperation if additional tests were attempted.

-

Accordingly, the trial court did not abuse its discretion in denying Walker's motion to dismiss. There was sufficient evidence in the record for the trial court to determine that Walker deliberately refused to cooperate in submitting to a breath test. In addition, from the evidence of Walker's admission to Officer Johnson that he had consumed alcohol, his appearance, his incoherent speech, his behavior, and his failing field sobriety tests, there was ample evidence from which the trial court could conclude beyond a reasonable doubt that Walker was guilty of the offense charged.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>

-