# CIRCUIT COURT OF THE CITY OF MARTINSVILLE

Commonwealth of Virginia

v.

Jason Michael Walsh

July 30, 2013

Case No. CR12-894

By Judge G. Carter Greer

The defendant, who stands indicted of maiming another person while driving under the influence of alcohol, in violation of Va. Code § 18.2-51.4, has filed two motions in limine, seeking an order prohibiting the Commonwealth from introducing into evidence the results of a blood alcohol test performed on the defendant through drawing a sample of his blood. In the first motion, the defendant argues that (1) since he was not arrested for a violation of Va. Code § 18.2-266, the implied consent law does not apply, and that (2) "[s]ince the breath test was available, [and the defendant] was physically able to take a breath test . . . [h]is blood sample was not obtained in accordance with the provisions of § 18.2-268.2." Defendant's Motion in Limine, p. 4. In the second motion, the defendant contends that the drawing of his blood without a search warrant violates his rights under the Fourth Amendment.

On June 27, 2013, the court conducted a hearing at which Officer Joe Washburn of the Martinsville Police Department was the only witness, and the evidence showed as follows. Shortly after midnight on April 1, 2013, Washburn responded to the scene of an accident involving a vehicle and a pedestrian. When the officer arrived, the defendant, who was standing outside his vehicle, admitted that he had been driving, and that he had drunk an alcoholic beverage one hour before the accident. Washburn immediately smelled an odor of alcohol emanating from the defendant and noticed that the defendant's eyes were bloodshot. There were two twelve-packs of beer inside the vehicle. Washburn asked the defendant to perform field sobriety

tests, but the defendant refused to do so. The defendant also refused Washburn's request to submit to a preliminary breathalyzer test. Washburn then placed the defendant in the back of his patrol car and informed him that he was under arrest for "suspicion of driving under the influence." Washburn took the defendant to the electronic magistrate's office, where he explained the implied consent law and offered the defendant a breath test, which the defendant declined to take. The defendant was physically able to perform a breath test. Instead of charging the defendant with refusal under Va. Code § 18.2-268.3, Washburn told the defendant that, if he refused to take a blood *and* breath test, he would charge the defendant with refusal. At that point, the defendant agreed to submit to a blood test, so Washburn transported the defendant to the hospital, where the defendant gave a blood sample.

The implied consent law, which is codified in Va. Code § 18.2-268.2, states in pertinent part as follows:

> Any person, whether licensed by Virginia or not, who operates a motor vehicle upon a highway, as defined in § 46.2-100, in the Commonwealth shall be deemed thereby, as a condition of such operation, to have consented to have samples of his blood, breath, or both blood and breath taken for a chemical test to determine the alcohol, drug, or both alcohol and drug content of his blood, if he is arrested for violation § 18.2-266 [criminalizing driving while intoxicated] . . . within three hours of the alleged offense.

> Any person so arrested for a violation of clause (i) or (ii) of § 18.2-266 or both . . . shall submit to a breath test. If the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given.

*Id.* The Court of Appeals has held that "the implied consent statute does not require that an arresting officer compel submission to chemical testing as a prerequisite to prosecution." *Oliver v. Commonwealth*, 40 Va. App. 20, 24, 577 S.E.2d 514 (2003). "The only obligation placed upon the police officer by the language at issue is to provide a blood test if the officer chooses to compel submission to chemical testing and the breath test is unavailable or the arrestee is physically unable to submit to the breath test." *Brown-Fitzgerald v. Commonwealth*, 51 Va. App. 232, 236, 656 S.E.2d 422 (2008).

### I. *The Defendant Was Arrested for Violation of § 18.2-266*

The essence of the defendant's argument is that, since Washburn told the defendant that he was "under arrest for *suspicion* of driving under the influence of alcohol," the officer did not arrest the defendant for violation

of § 18.2-266, within the meaning of the statute, and that the requirements of the implied consent law were not activated. Defendant's Reply Brief at 4-5 (emphasis in original). The defendant does not dispute that Washburn had probable cause to arrest and that Washburn made a valid arrest of the defendant. Instead, the defendant maintains that the words that the officer used in effectuating the arrest failed to set in motion the requirements of the implied consent law. The Commonwealth rejoins that "the statute does not prescribe any particular words by which the officer must effect the arrest," and that the "[d]efendant's interpretation of the statute inserts entirely new language into it" by requiring the officer to use the precise words "violation of § 18.2-266" whenever he makes such an arrest. Commonwealth's Response at 3. This interpretation of the statute, the Commonwealth argues, would lead to an absurdity: any DUI arrest "in which the arresting officer did not utter the incantation 'violation of § 18.2-266' [would] not trigger implied consent." Commonwealth's Response at 6.

The defendant's argument is without merit, for the implied consent law patently does not impose any obligation on the arresting officer to use specific words in making an arrest. Following his observations, if an officer has probable cause to believe that an individual has been driving under the influence, all that is necessary to effectuate a valid arrest is for "the officer to have some physical contact with the arrestee . . . or, absent such contact, the arrestee must submit to the officer's assertion of authority." *Young v. Commonwealth*, 57 Va. App. 731, 736, 706 S.E.2d 53 (2011). There is no dispute in this case that Washburn arrested the defendant within three hours of the alleged offense. Under Va. Code § 19.2-81(D), an officer may make an arrest for driving under the influence within three hours of the offense, "whether or not the offense was committed in such officer's presence." The statute does not mandate that, in order to activate the implied consent law, the arresting officer must state to the arrestee that he is under arrest "for violation of § 18.2-266" in those very words.

## II. *The Commonwealth Has Violated the Implied Consent Law by Failing to Show That the Breath Test Was Unavailable*

Citing *Brown-Fitzgerald, supra,* and *Lamay v. Commonwealth,* 29 Va. App. 461, 513 S.E.2d 411 (1999), the defendant argues that, "once the officer chooses to compel submission to chemical testing, he must administer a breath test, unless the breath test is unavailable or the arrestee is physically unable to submit to the breath test," and that "[o]nly then may the officer offer a blood test to the arrestee." Defendant's Reply Brief at 7. The defendant further argues that "[t]he facts of this case will clearly establish that the breath test was available and that the [d]efendant was physically able to perform a breath test, but one was not administered because the officer deviated from the prescribed procedure by offering the [d]efendant the choice of a blood test." Defendant's Reply Brief, at 8. Also relying

on *Brown-Fitzgerald*, the Commonwealth contends that "[i]t is clear that 'the breath test is not a statutorily mandated test under the implied consent law'." Commonwealth's Response at 11 (quoting *Id.*, 51 Va. App. at 237). The Commonwealth further asserts that "[t]here is nothing in [the implied consent law] that requires a breath test to be offered first," and that "[a]fter the [d]efendant in this case refused the breath test, Officer Washburn properly offered him a blood test, to which the [d]efendant consented." Commonwealth's Response at 11-12.

Contrary to the Commonwealth's argument, neither *Brown-Fitzgerald* nor *Lamay* stands for the proposition that, once the officer determines to administer chemical testing, he may offer either a breath test or a blood test at his discretion. Under a prior iteration of the implied consent statute, one suspected of driving under the influence had the option to choose which test to take. "In its 1995 revision, the legislature eliminated the driver's option to elect which test to take and mandated that a driver accused of DUI 'shall submit to a breath test.' Only when a breath test is unavailable or the accused is physically unable to take one, is a blood test to be given." *Lamay*, 29 Va. App. at 469. In *Brown-Fitzgerald*, the Court of Appeals stated as follows: "*Lamay* does not require a breath test. It only requires that the officer provide a blood test once he chooses to compel chemical testing *and the arrestee is physically unable to take the breath test or it is unavailable.*" *Brown-Fitzgerald*, 51 Va. App. at 236-37 (emphasis added). The Commonwealth's argument ignores the italicized language, as to which the clear import is that, once the arresting officer determines to compel chemical testing, he must first offer a breath test if it is available.

Cases decided under the statute before it was amended "have consistently assigned the Commonwealth the burden to explain the unavailability of a requested test." *Lamay*, 29 Va. App. at 472. *See Breeden v. Commonwealth*, 15 Va. App. 148, 421 S.E.2d 674 (1992) (holding that the Commonwealth must establish the reasons for the unavailability of one of the tests before denying the driver his choice); *Walker v. City of Lynchburg*, 22 Va. App. 197, 468 S.E.2d 164 (1996) (holding that the Commonwealth satisfied its burden of proving the unavailability of the requested test); and *Herring v. Commonwealth*, 28 Va. App. 588, 507 S.E.2d 638 (1998) (holding that the Commonwealth bears the burden of proving that a breath test was unavailable). The Commonwealth argues that "the [d]efendant's refusal to submit to [a breath test] clearly rendered it unavailable within the meaning of the statute." Commonwealth's Response at 12. However, the defendant points out that "[e]ven a cursory reading of [the implied consent statute and the refusal statute] will reveal that refusing a breath test does not entitle a person to a blood test." Defendant's Reply at 8. The court agrees with the defendant that the refusal to take a breath test does not constitute unavailability such that the officer may compel submission to a blood test. The term "unavailable" in the statute refers to the inability to access a vein,

such as in *Walker*, or to the malfunctioning of the breathalyzer, such as in *Herring*. In the case at bar, Washburn could have charged the defendant with refusal, in violation of Va. Code § 18.2-268.3, but the officer was not entitled to force the defendant to undergo a blood test, in view of the fact that the breath test was available.

### III. The Actions of Officer Washburn in Compelling Submission to a Blood Test Do Not Constitute Substantial Compliance with the Implied Consent Law

Section 18.2-268.11 of the Code of Virginia (1950), as amended, states as follows:

> The steps set forth in §§ 18.2-268.2 through 18.2-268.9 relating to taking, handling, identifying, and disposing of blood or breath samples are procedural and not substantive. Substantial compliance shall be sufficient. Failure to comply with any steps or portions thereof shall not of itself be grounds for finding the defendant not guilty, but shall go to the weight of the evidence and shall be considered with all the evidence in the case; however, the defendant shall have the right to introduce evidence on his own behalf to show noncompliance with the aforesaid procedures or any part thereof, and that as a result his rights were prejudiced.

*Id.* "In Code § 18.2-268.11, the legislature has clearly indicated that strict compliance with some provisions of the implied consent law is not required for the admissibility of evidence under that law." *Shelton v. Commonwealth*, 45 Va. App. 175, 179, 609 S.E.2d 89 (2005) (holding that affording defendant opportunity to view results of breath test but not giving him copy as required by statute constituted substantial compliance); *Rollins v. Commonwealth*, 37 Va. App. 73, 554 S.E.2d 99 (2001) (holding that failure properly to calibrate Intoxilyzer 5000 by conducting room air blank analysis immediately after breath test was procedural and officer substantially complied); *Snider v. Commonwealth*, 26 Va. App. 729, 496 S.E.2d 665 (1998) (holding that Commonwealth proved substantial compliance even though evidence did not establish whether proper solution was used to cleanse arm). The Supreme Court of Virginia has stated that "a minor, trivial difference can be tolerated whereas a material difference cannot." *Akers v. James T. Barnes of Washington, D.C., Inc.*, 227 Va. 367, 370, 315 S.E.2d 199, 201 (1984).

The main issue in the case at bar is whether the officer's failure strictly to follow the implied consent law amounts to a material difference from the requirements of the statute. The Commonwealth argues that, "[g]iven

the [d]efendant's refusal to take a breath test and consent to take a blood test, the violation of the statute . . . is minor, trivial, and non-material...." Commonwealth's Response at 12-13. The court disagrees. There is a major distinction between a breath test, which involves merely blowing into a plastic tube, and a blood test, which requires the insertion of an intravenous catheter into the arrestee's arm by trained medical personnel. That a blood test is a physically invasive procedure, which carries health risks not inherent in a breath test, provides obvious support for the legislative intent: that such a test can be given only when the breath test is unavailable or the arrestee is physically unable to submit to the breath test.

The Commonwealth argues further that, even if the officer violated the statute, he did so at the request of the defendant, who is attempting "a sort of extrajudicial invited error, in which the [d]efendant claims that he was wronged by his own acts." Commonwealth's Response at 13. This argument is meritless, for the officer compelled the defendant to submit to a blood test, for which there was no statutory authorization.

## IV. *Conclusion*

The motion in limine is granted, and the certificate of analysis is not admissible at trial. In view of the court's ruling, the court makes no ruling on the second motion in limine. *See Volkswagen of Am. v. Smit,* 266 Va. 444, 587 S.E.2d 526 (2003) (constitutional question will not be decided if case can be decided on different ground). An appropriate order will be entered.